*314
 
 Mr. Chief Justice Marshall
 

 delivered the opinion of the Court.
 

 This is a writ of error to a judgment of the Circuit Court of the United States for the district of Columbia, sitting in the county of Washington. The defendant in error had sued out an attachment against Robert Barry, and had filed an account against James D. Barry & Co., said to be assuméd by Robert Barry. Robert Barry appeared, gave special bail, and discharged the attachment. Thomas Foyles then filed a declaration of
 
 indebitatus
 
 assumpsit, for money had and received, and for goods, &'c. delivered; to which Robert Barry pleaded the general issue, and the parties went to trial.
 

 At the trial, the plaintiff in the Circuit Court, offered in evidence, three paper writings signed by Edmond Rice; and also produced Thomas Rice, a witness, who swore, that at the time the said paper writings bear date, and for a long time before and after, E. Rice, whose name is signed to the said writings, 'was fpreman and "manager of a tan-yard in Washington; kept the books, bought and sold leather, and managed the whole concern for the proprietors; that the said papers are in his hand writings that the said Foyles, for about seven years, (including the dates of said writings) being a butcher, was in the habit of delivering, from’time to timé, great numbers of hides, to the said Rice,.’at the said yard,,and had contracted with the said Rice to deliver there, all the hides of the cattle slaughtered by him’. That the said business was carried on in the name. Of James ,D. Barry, living in Washington,- till a settlement, which witness understood took place between the said'James D. Barry and-Robert Barry ; after a while it was .carried on iu (he name of Robert Barry. The witness was not present at the settlement, and does not know its nature or terms. During the time that the business was carried on in the name of James D. Barry, Robert Barry (who resided in Baltimore) came about twice a year to the yard in Washington; where he spent considerable time in examining and posting the books, with the said E. Rice. ’ Upon one of these occasions, he directed-a parcel .of leather, which E. Rice had prepared to send on to him to Baltimore, to be kept ill the yard till he should return to Baltimore, or ascertain the price of leather there, and give further directions concerning it. During all the time the business was conducted at Washington in the name of James D. Barry, the greater part of the leather manufactured in the yard was sent on to Baltimore to the defendant, and there disposed of by him.
 

 The following are the paper writings offered in evidence, to ■\vhich the testimony of Thomas Rice refers. .
 

 
 *315
 
 No. 1, Balance due by James D. Barry to Thomas Foyles on settlement, say sixteen-hundred and forty dollars seventy-five cents, up to this date, $ay April 5th 1817.
 

 81640 75. Edmond Rice.
 

 No. 2. Amount of hides and skins received of Mr. Thomas Foyles, from the 1st of April 1817, to this date, say December 27th, 1818.
 

 755 hides at 3 75 per hide, 2831 25
 

 10 Sheep skins at 50 cents each, 5 00
 

 7 Calf skins do. atgl each, 7 00
 

 . g 2843 25
 

 January 13th, 1819. Edmond Rice.-
 

 No. 3. Amount of hides and skins received of-Mr. Thomas Foyles, from the 2d of February 1819, to 2d of December 1819.
 

 346 hides at S3 75 each, 81297 50
 

 Edmond . Rice.
 

 The counsel for the defendant objected to the admission of these papers. His objection being overruled, an exception was - taken to the opinion.
 

 A verdict was found for the plaintiff below, the judgment on which has been brought into this Court by writ of error.
 

 In argument, some observations were made on the variance between the manner in which the plaintiff in error was charged in the account filecT'in the attachment, and in the declaration on which the cause was tried. In the account, he is charged on his
 
 assumpsit,
 
 for a sum due from James D. Barry & Co. The declaration charges him as being originally indebted on a. a transaction with himself. The Court attaches no importance to this variance, because when the attachment was discharged, by the appearance of the defendant, and giving bail, and the plaintiff, in consequence thereof, filed a declaration,' to which the defendant pleaded, the cause stood in Court, as'if the suit had been brought in the usual manner; and no reference can be had to the proceedings on the attachment.
 

 Considering the case, as it is made out in the pleadings, the defendant in the Circuit Court is charged, on his original liability, for a transaction of his own. Edmond Rice, : having been manager of the whole concern, for the proprietors óf the fan-yard, in Washington, with power to buy hides and Sell leather, there can be no doubt of his power to charge them for' skins and hides, received by him in the course of business. The papers No. 2 and 3, purport, on their face, to be an account of transactions of this description. The only objection made to them, is, that instead of the journal of hides delivered
 
 *316
 
 on each day, the manager has given, at considerable intervals, the tota.1 amount of hides received-from the last preceding settlement, up to that time. We are not aware of any principle which can .make such a'general certificate less binding, than one detailing the separate transactions of each day. The proprietors themselves, or either of them,'might have made the same acknowledgment; and we perceive no reason why the acknowledgment of the ■ manager, so far as respects the form in which it is made; should not be-of the same obligation as that of the proprietors.
 

 The paper No. 1, is more questionable. It does not purport to be given for hides received at the tan-yard, nor does it express the items which constitute'the charge; but it is said to be the balance due from James D. Barry, (in whose name the business.was conducted,) “on settlement.” Edmond Rice, the person who gave this certificate, had authority to give it on account of .the transactions of the tan-yard; and it does not appear that he had authority to give it on any other account. It is an additional circumstance, of-no inconsiderable weight, that the account closes on the 5th of April, Í817, the day on which the subsequent account, which is avowedly for hides; commences. These circumstances, combined, were,'we think, sufficient to justify the submission of this paper, also, to the jury.
 

 The next objection to the admission of these papers, is, that the plaintiff in the Circuit Court, has failed to prove that Robert Barry was one of the proprietors of the tán-yard, while the business was conducted in the name of James D. Barry.
 

 The evidence, on this point, was given by Thomas Rice,- ■and has been already fully stated. We think the testimony of a partnership was very strong. It could not, with propriety, have been withheld from the jury.
 

 The question on'which the plaintiff'in error most relies; re mains to be considered.
 

 This suit is brought on a partnership transaction, against one of the partners. The declaration states a contract with-1 the partner who is sued, and gives no notice that it was made by him with another. Will evidence of a joint
 
 assumpsit
 
 sup-' port such a declaration ?
 

 Although it has been held from the 36 H. 6. Ch. 38, that á suitagainst one of several joint obligors, might be sustained, unless the matter was pleaded in abatement; yet with respect to joint contracts, either in writing, or by parol, a different rule was formerly.-* adopted; upon the ground of a supposed variance bel'wepn (he contract laid, and that which.was proved. This distinction was overruled by Lord Mansfield, in the case of Rice
 
 vs.
 
 Shute, 5
 
 Burn,
 
 2611. The same point was after-
 
 *317
 
 wards adjudged, in Abbott
 
 vs.
 
 Smith, 2
 
 W. Black.
 
 695; and-has 'been ever since invariably maintained, The principle is, that a contract, made by copartners,' is several, as well as joint, and the
 
 assumpsit
 
 is made by all, and-by each. It is obligatory on all, and on each of the-partners. If, therefore, the defendant fails to avail himself of the variance in abatement, when the form of his plea obliges him to give the plaintiff a proper action, the policy of the law does not permit him to avail himself of it, at the trial.
 

 The course of decisions, since the case of Rice
 
 vs.
 
 Shute, has been so uniform, that the principle would have been considered as too well settled for controversy; had it not lately been questioned by a Judge, from whose opinions we ought not lightly to depart.
 

 That Judge supposed, that if the defendant had no notice in the previous stage of the proceedings, which might inform him of the nature of the action, he was guilty of no negligence in failing to plead in abatement, and ought not to be deprived Of his defence at the trial.
 

 But the declaration never gives this notice, where, the suit is brought against one, only, of the partners. He is always proceeded against, as if he were the sole contracting, party; and if the declaration were to show a partnership. contract, the judgment against the single partn.er could not be sustained. The cases cited by Mr. Sergeant Williams, in note 4, on the case of Caleb
 
 vs.
 
 Vaughan, 1
 
 Saund.
 
 191,
 
 n.
 
 4, shows conclusively, that the want of notice has never been considered, since Rice and Shute, as justifying this exception to the evidence at the trial.
 

 We think there is no error, and the judgment is affirmed.