WOODWORTH (SMITH v.). See Case No. 13,130.

## Case No. 18,020.

### WOODWORTH v. SPAFFORD et al.

[2 McLean, 168.] [1]

Circuit Court, D. Ohio. July Term, 1840.

JOINT NOTE—MERGER —JUDGMENT AGAINST ONE PROMISOR—JUDICIAL NOTICE—COURTS OF GENERAL JURISDICTION.

1. A judgment obtained against Earl, in a suit against him, and the other two defendants, merges the instrument on which the action was founded.

[Cited in brief in Rose v. Comstock, 17 Ind. 6. Cited in Maghee v. Collins, 27 Ind. 85.]

2. And such judgment may be pleaded in bar to an action on the instrument against one or all of the defendants.

3. This court is presumed to know the laws of the respective states, and, consequently, that the circuit court of Wayne county, in Michigan, is a court of general jurisdiction.

[Cited in Bennett v. Bennett, Case No. 1,318.]

4. It is not necessary, therefore, in the plea setting up the judgment of the circuit court of Wayne, to aver that it had jurisdiction.

[Cited in Earl v. Raymond, Case No. 4,243.]

5. Where the note is joint the suit must be brought against all, and a joint responsibility must be shown, unless one or more of the promisors has been discharged by infancy, or by operation of law.

Mr. Swayne, for plaintiff.
Mr. Wilcox, for defendants.

LEAVITT, District Judge. The declaration in this case is in assumpsit, and contains four special counts. The first sets out a note for $500, dated December 6, 1836, drawn by Saltmarsh and Boardman, and Hugh Gillis & Co., partners, &c., payable to Benjamin Woodworth, or order, in ninety days from date. The notes described in the second, third and fourth counts, are for $1,000, each, drawn by the same parties, bearing the same date, and payable, respectively, in six, nine and twelve months. The fifth count is general, for goods sold, &c.

The defendants have put in a plea of the general issue, and, also, a special plea in bar. The matter set up in the latter plea, is as follows: "That, on the 24th of March, 1838, the said Benjamin Woodworth sued out of the clerk's office of the circuit court of Wayne county, in the state of Michigan, his certain writ of capias, in a plea of trespass, on the case upon promises, against the said Amos Spafford, Jarvis Spafford, and Williard Earl; and, afterwards, to wit: on the 9th day of July, in the year aforesaid, filed his declaration; and afterwards such proceedings were had in said suit, that at the December term of said court, viz: on the 28th of December, 1838, judgment was rendered therein, in favor of the said Benjamin Woodworth, against the said Amos Spafford,

[1] [Reported by Hon. John McLean, Circuit Justice.]

for the sum of $4,006.33, and costs." The plea concludes with an averment, that the said judgment is unreversed, and remains in full force; and that the notes described in the declaration, in the present action, are the same on which the said judgment, in Michigan, was obtained. To this plea the plaintiff has put in a general demurrer.

It is contended, on several grounds, that the special plea is insufficient as a bar to this action. The objection, mainly relied on, and which will first claim the attention of the court, is: that the judgment set forth in the plea does not extinguish the original cause of action, and that a suit may be sustained on it against all the parties.

In the consideration of this point, as the case is presented upon the demurrer, it is to be assumed, that the notes set forth in the declaration, on which it is sought to charge the defendants, have originated in a partnership transaction, with which they are connected, and which create, on their part, a partnership liability. And, therefore, in considering the question, whether the judgment set out in the plea has extinguished the right of action against these parties, it is important to settle, in the first place, the nature and character of their liability, as partners. If that is to be regarded as joint and several, it would clearly result, that a suit prosecuted, and a judgment recovered against one, without an actual satisfaction, would be no bar to a subsequent suit against the other parties. On the other hand, if their undertaking, and consequent liability, are to be viewed as joint, then, upon the authority of the cases which will be referred to by the court, a suit and judgment against one, is a bar to a subsequent suit against the other joint promisors.

It would seem to be consistent with the current of authorities, both in this country and in England, to consider partnership contracts as joint, and not joint and several. It is true, that the assertion of Lord Mansfield. in Rice v. Shute, 5 Burrows, 2611, has often been relied on, as sustaining a contrary doctrine. It is there said: "That all contracts with partners are joint and several; every partner is liable to pay the whole. But it has been remarked by an eminent American judge, in reference to this position: 'That it would be straining Lord Mansfield's opinion unreasonably, to say, tnat he meant, technically, that all contracts with partners were joint and several.'" 13 Johns. 451. It seems very obvious, by reference to the facts in the case of Rice v. Shute, and the circumstances under which the question, before the court, was presented, that the principle asserted by Lord Mansfield must be understood with some modification. In that case it appears that the plaintiff, with a knowledge that Shute and Cole were partners, brought suit against Shute alone; and without having pleaded the nonjoinder in abatement, the defendant, Shute, on the

trial, proved that fact, and the plaintiff was, thereupon, nonsuited. And it was upon a motion to set aside the nonsuit that the opinion of the court was given. The object had in view by the court, seems not to have been the settlement of the law, as to the nature of partnership liabilities, but the establishment of a rule by which the defendant should be compelled to plead in abatement the nonjoinder of a party who ought to have been joined; and that he should not be permitted to take the plaintiff by surprize, on the trial, by proof of the nonjoinder. To this extent the doctrine laid down by the court is undoubtedly correct, and promotive of the purposes of justice.

Taking it to be a principle which is universally sanctioned by courts, at the present day, that partnership contracts are joint, and not joint and several, the inquiry is, whether the judgment against the defendant, Spafford, is a bar to the present action. The affirmative of this proposition is very fully sustained by many decisions of high authority in this country; some of which will be adverted to.

The case of Ward v. Johnson, 13 Mass. 148, has some close points of resemblance to the one now under consideration. The declaration in that case averred that Henry Johnson, in the name and behalf of the partnership of Henry and Thomas Johnson, executed the note in controversy. The defendants pleaded, in bar, the recovery of a former judgment against Henry Johnson, in a suit prosecuted against him alone. To this plea there was a replication of nul tiel record; and the existence of the judgment, set out in the plea, being proved, the court held it to be a good bar to the action against both of the partners. In the opinion of the court, in this case, these principles are maintained: That, in a joint action, to support the declaration, a joint subsisting cause of action must be shewn against both defendants; and, that, if one of the defendants can plead a sufficient bar, as it respects himself, it shall avail the other defendants also; for it shews that, at the time of the commencement of the action, no just cause of action remained, thereby falsifying a material averment in the declaration.

The same principle is recognized by the supreme court of Pennsylvania, in the case of Smith v. Black, in error, 9 Serg. & R. 142. The facts were that Black, the defendant in error, had sold goods to Nathan Smith, (one of the plaintiffs in error,) who gave his promissory note therefor; on which suit was brought. and a judgment obtained, against him. Subsequently, on the discovery that Newberry Smith was a secret partner of Nathan Smith, a suit was instituted against both; and the former judgment against Nathan Smith was held to be a good bar to that action.

In the case of Downey v. Farmers' & Mechanics' Bank of Greencastle, 13 Serg. & R.

288, it was held, that where a joint suit was brought against two obligors in a joint and several bond, on one of whom the writ was served, and as to the other returned non est, and the plaintiff proceeded to judgment against the obligor, on whom process had been served, without making the other a party, he thereby elected to consider the contract as joint, and could not afterwards sue the other obligor, in a separate action. The judgment against his co-obligor was viewed as an extinguishment of the bond, as to him, and being extinguished as to him, was extinguished as to both.

A very decisive authority on this subject is found in 18 Johns. 459. The case is that of Robertson v. Smith. The material facts may be thus briefly stated: Robertson held two promissory notes, drawn by Soulden, Smith & Co., on which suits were brought, and judgments recovered, against Soulden and Smith, the ostensible partners. Failing to obtain satisfaction on his judgments, and believing there were two other persons connected with Soulden, Smith & Co., as partners, the plaintiff instituted another suit against Soulden, and Smith, and the two other partners. One of the points, arising in the case, was, whether the plaintiff, having made the two partners, against whom judgment had been recovered, parties in the pending suit, it can be sustained against the other defendants, in consequence of the extinguishment of the simple contract debt, as to two of the defendants, by the judgment against them. The opinion of the court, as given by Chief Justice Spencer, evinces great learning and research, and may well be regarded as conclusive on the point just stated. The results, to which he is conducted, are—that in case of joint debtors, they must be jointly sued; that if a less number than the whole be sued, that is matter that can be pleaded in abatement only; that it is necessary to show a joint subsisting indebtment, in all the defendants; and in cases of assumpsit, it is necessary to show a subsisting liability, on the part of all the promisors, except one or more of them may have been discharged by operation of law, as in the case of a release under an insolvent or bankrupt law, or where a release has been effected under a plea of infancy. And, moreover, where, as it respects any of the defendants, the right of action is gone or suspended, their joint liability being at an end, the other defendants may avail themselves of this suspension or discharge.

In the present case, the judgment against the defendant, Spafford, in the state of Michigan, must be viewed as a merger of his liability, on the simple contract set forth in the declaration; and, upon the authorities referred to, the plaintiff having, by his own act, put it out of his power to prove that there is a subsisting joint contract, on which all the defendants are liable, he can not recover against any of them.

The only case referred to by the plaintiff's counsel, as opposed to the principles settled by the cases already noticed, is that of Sheehy v. Mandeville, 6 Cranch [10 U. S.] 253. That case came before the supreme court of the United States, on error, to the district court, sitting at Alexandria, in the District of Columbia. It was an action of assumpsit against the defendants, on a promissory note, drawn by Jameson alone. It was alledged that the note, though thus executed, was, in fact, a partnership note, on which the defendants were both liable. In that case there was a special plea, similar to, if not identical with, the plea in the present case, both as to form and substance. It averred that Jameson had been previously, sued, and that judgment had been recovered against him, in the circuit court of the District of Columbia, on the same note, and that the judgment was in full force and unreversed. The defendant, Jameson, having been discharged under the insolvent law of the District, soon after the institution of the suit, the plea was interposed by Mandeville alone, and no further notice was taken of the other defendant during the progress of the suit. Chief Justice Marshall, who delivered the opinion of the court, held, that the prior recovery of the judgment against Jameson was no bar to the action against Jameson and Mandeville, jointly.

From an examination of the opinion of the chief justice, in that case, it will be seen that he lays great stress upon the fact that the original action, in which judgment was recovered, was brought against but one of the parties, and upon a sole contract. He admits that, "had the action, in which judgment was obtained against Jameson, been brought against the firm, the whole note would, most probably, have been merged in the judgment." This language is understood, as equivalent to the assertion, that if the original action had been brought against both the partners, on a joint contract, and a judgment recovered against one only, the right of action against the other might have been extinguished. This is clearly inferable from what follows: "The doctrine of merger (even admitting that a judgment against one of several joint obligors would terminate the whole obligation, and that a distinct action could not afterwards be maintained against the others, which is not admitted) can be applied only to a case in which the original declaration was on a joint covenant; not to a case in which the declaration in the first suit was on a sole contract." The principle laid down by the chief justice is not, therefore, applicable to the present case. The persons originally sued in Michigan are the defendants here. That was an action on a joint, and not on a sole, promise; and, therefore, according to the position of the chief justice, the present is a case in which the doctrine of merger may be applied, since both the original and present suits are

against the same parties, and for the same cause of action. It would be doing injustice to the reputation of that great jurîst, to assume that he intended to lay it down as a sound principle of law, that separate judgments can be recovered on a contract, joint in its terms and character, except where such a course may be authorized by express legislative enactment. Such a doctrine would destroy the well settled distinction between joint and joint and several contracts; and would, in effect, vest in courts a power to change by construction, the contracts of parties, and give them an operation, not within their contemplation or design.

There is another exception taken to the plea in this case, namely—that it does not contain an averment that the court in Michigan, in which the judgment is alledged to have been entered, had jurisdiction of the case. On this point it will be only necessary to observe that, by the settled practice, both of the state and federal tribunals, they take notice of the general and public laws of a state, without requiring them to be specially presented by plea. And as the circuit court of Michigan is created, and its jurisdiction and practice regulated by law, it must be regarded as a court of general jurisdiction, proceeding according to the course of the common law, and, therefore, it is not necessary that the plea should contain an averment of its jurisdiction. The court will take judicial notice of the fact, that the case, set out in the plea, is within its legal jurisdiction.

The only remaining exception to the plea is, that it does not alledge satisfaction of the judgment which is set up in bar of this action. As to this exception, the only remark called for, is—that in the view in which the judgment in Michigan is held to be a bar to the plaintiff's right to recover in this case, it is wholly immaterial. whether the judgment is satisfied or not, and the averment of satisfaction is not. therefore, necessary.

The demurrer to the special plea is overruled.