FOREIGN attachment case. Bail in $500. Sheriff returns "nulla bona; afterwards attached lands, c., on the 17th of November, as per inquisition." Rule on plaintiff to show his cause of action; and to show cause why the attachment should not be quashed, being issued against a resident.
On showing cause, it appeared that the cause of action was on a promissory note, given by Joseph Scott Co., and indorsed to plaintiff; the company, consisting of three partners, viz: Scott, Zebley and another. The other two partners were residents of the State, Zebley was a non-resident.
Mr. Patterson. — The action will not lie against Zebley, one of the partners, alone; and we can avail ourselves of the plea, before entering bail. It is a summary statutory proceeding, and must be subject to be met summarily by what would amount to a good plea. (Chi. Pl., 41; 1 Saund. Pl. Ev., 153,n., 1, 291, n., 4; 2 Ib., 707.)
Mr. Bates. — The proceeding is irregular; the taking an objection, without appearing. I waive this.
2. The rule that all the partners shall be sued together is founded, not on the nature of the liability, but on grounds of convenience. It is the several, as well as the joint, obligation of the partners. The *Page 354 
defendant may plead the want of it in abatement; but he must suggest the names of the partners not sued. The objection, therefore cannot be made in this form. (5 Burr. Rep., 2611; 1 Pet. Rep. 311.)
3. But whether one of several partners can be sued alone at the common law or not, he may by the express provision of our act o: assembly. "All contracts by several shall be joint and several unless otherwise expressly stipulated." (Digest, 225.)
There is nothing in the nature of a partnership contract to make it differ from other contracts in this respect.
 Rule absolute.