### IN THE

# SUPREME COURT OF JUDICATURE

### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, NOVEMBER TERM, 1861, IN THE FORTY-
SIXTH YEAR OF THE STATE.

---

## Rose and Another *v.* Comstock and Another.

Suit against *A.*, *B.*, and *C.* upon a promissory note alleged to have been made by them, by their co-partnership name of *A. & Co.*, to the order of *A.*, and by him indorsed to the plaintiff. *A.* made default. *B.* and *C.* answered, that *A.* had caused the clerk of the co-partnership to make said note and deliver it to him, and that he had indorsed it to the plaintiff for a private debt, all of which he well knew, &c. Without replying to the answer of *B.* and *C.*, the plaintiff had the damages assessed against *A.*, on his default, and took final judgment against him. No further steps were taken in the cause at that term, nor was the cause continued as to *B.* and *C.* At the next term of the Court, the plaintiff asked leave to file a reply to the answer of *B.* and *C.*, which was objected to by them, and a motion interposed to strike the cause from the docket. Pending this motion, *A.* moved, on affidavit, to set aside the default and judgment against him, and the plaintiff confessing the errors alleged, the default and judgment were set aside. Thereupon, the Court overruled the motion to strike the cause from the docket, and permitted a reply to be filed. *A.* was again defaulted; trial by the Court, and judgment against all the defendants.

Nov. Term, 1861.

Rose
v.
Comstock.

*Held,* that the first judgment against *A.* was properly taken, so far as any question as to joint liability was concerned, as the facts pleaded by *B.* and *C.*, at most, only defeated the action as to them.

*Held,* also, that by failing to reply to the answer of *B.* and *C.*, and by taking final judgment against *A.*, the plaintiff abandoned the suit as to *B.* and *C.*, and a discontinuance of the cause, as to them, resulted.

*Held,* also, that this case does not come within § 369, 2 R. S. 1852, p. 121, which provides that the Court may, in its discretion, render judgment against one or more defendants, leaving the action to proceed against the others, whenever a several judgment is proper; *first*, because the Court did not exercise this discretion, or make any order that the case should be left to proceed; and, *second*, because this was not a case where a several judgment could be rendered against *B.* and *C.*, since, if they were liable at all, it was jointly with *A.*

*Held,* also, that when final judgment was taken against *A.*, *B.* and *C.* were out of Court, and the cause was, as to them, finally disposed of, and it was error to take any subsequent proceedings against them.

Monday, November 25.

APPEAL from the *Vigo* Circuit Court.

WORDEN, J.—This was a suit by *Comstock* and *Aber* against the appellants, and *Andrew Downing*, upon a promissory note.

It is alleged in the complaint that the defendants were partners, trading under the name and style of *A. Downing & Co.*, and that they, as such partners, made their note to *A. Downing*, who indorsed it to the plaintiffs.

*Downing* made default. At the *March* term of the Court, 1859, *Rose* and *Peck* appeared, and filed an answer, alleging, in substance, that *Downing*, one of the members of the firm. caused one *Irons*, the clerk and agent of the firm, to make and deliver the note to said *Downing*, who indorsed it to the plaintiffs for his private and individual debt, and not for any debt of the firm, and that the plaintiffs had full knowledge of all the facts.

At the same term of the Court, after the answer of *Rose* and *Peck* was filed, the plaintiffs, without replying to the answer of *Rose* and *Peck*, had *Downing* called and defaulted, and the damages assessed by the Court, and took final judgment against him for the amount due on the note, and costs.

No other steps were taken in the cause at that term of the Court. *Rose* and *Peck* were not further noticed, nor was their answer; nor was the cause continued as to them, or otherwise disposed of, unless the taking of judgment against *Downing* put an end to the cause as to them.

At the next term of the Court, the plaintiffs appeared, and asked leave to file a replication to the answer of *Rose* and *Peck*, to which they, by counsel, objected, and moved the Court to strike the cause from the docket, on the ground that as the plaintiffs had, at the previous term, taken final judgment against *Downing*, they were discharged, and the cause at an end. Pending this motion, *Downing* appeared, and, on affidavit filed, moved the Court to set aside the judgment which had been rendered against him by default, at the previous term. It is evident from the affidavit of *Downing*, that there was no very substantial ground for setting aside the default as to him, but the plaintiffs saying that they "confessed the errors alleged," the default was set aside.

Thereupon, the Court overruled the motion to strike the cause from the docket, as to *Rose* and *Peck*, and gave the plaintiffs leave to reply to their answer, to which exception was duly taken. A replication was filed, denying the matters set up in the answer of *Rose* and *Peck*, and thereupon *Downing* was again defaulted. *Rose* and *Peck* applied, on affidavit filed, for a continuance, but the motion was overruled. The cause was tried by the Court, as to *Rose* and *Peck*. The Court found for the plaintiffs, assessing damages against *Downing*, as well as *Rose* and *Peck*, and rendered final judgment against all the defendants.

*Rose* and *Peck*, only, appeal.

The first question arising upon the record, relates to the effect of taking the first judgment against *Downing*; and the solution of this question, in our opinion, settles the whole case.

It may be observed that that judgment was rightfully enough taken, so far as any question as to joint liability is concerned.

*Rose* and *Peck* had pleaded matter which, at most, defeated the action as to them only. The matter thus pleaded, while it showed that *Rose* and *Peck* were not liable as makers of the note, showed that *Downing* was solely liable thereon. It was a case where a several judgment against *Downing* was proper. Had issue been taken on the answer of *Rose* and *Peck*, and found against the plaintiffs, they still would have been entitled to have damages assessed against *Downing* on his default, because the matter pleaded did not defeat the liability of *Downing*. Herein the case differs from that of *Sutherlin et al.* v. *Mullis*, at the present term, *post*, p. 19. The case is more like that of *Hubbell* v. *Woolf*, 15 Ind. 204. See, also, *Parker* v. *Jackson*, 16 Barbour, 33, a case quite in point here.

The plaintiffs, by failing to reply to the answer of *Rose* and *Peck*, and by taking final judgment on the default, against *Downing*, we think, clearly abandoned the suit as against *Rose* and *Peck*. Whether the judgment, for all purposes, merged the note, we need not decide, but the taking of final judgment against *Downing* alone, under the circumstances, operated as a discontinuance of the cause, as to the other parties, and put an end to the suit. The code provides that "every material allegation of new matter in the answer, not specifically controverted by the reply, shall, for the purposes of the action, be taken as true." 2 R. S. 1852, § 74, p. 44. The matters set up in the answer of *Rose* and *Peck*, not being controverted, must have been, for the purposes of the action, taken as true; and the effect thereof, as a bar to the action against them, was admitted by the plaintiffs in taking judgment against *Downing* alone.

We have, however, a statutory provision that should, perhaps, be specially noticed. It is provided that "in suits against several defendants, the Court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper." 2 R. S. 1852, § 369, p. 121.

The case does not come within this provision, for two reasons:

*First.*—The cause was not continued, or left to proceed, by the order of the Court, in the exercise of its discretion, as to the defendants *Rose* and *Peck.* On the contrary, no order was made by the Court in this respect. The plaintiffs could not, of their own volition alone, take judgment as to one, and leave the cause to proceed as to the others. This can only be done by the exercise of the discretion vested in the Court; and the exercise of such discretion can only be shown by an order of the Court, to that effect. *Bacon* v. *Comstock*, 11 Howard's Prac. R. 197.

No such order having been made, the cause can not be regarded as having been left to proceed against any of the defendants; on the contrary, it was terminated as to all of them.

*Second.*—This is not a proper case for such an order, which can only be made in cases where a several judgment is proper. Now, although a several judgment against *Downing* was proper, under the facts shown, yet it could not be as against *Rose* and *Peck;* for if they were liable at all, they were only liable jointly with *Downing*, and a several judgment against them could not be rendered; hence it would be useless to continue the cause, or let it proceed, as to them.

The judgment against *Downing* might, perhaps, be regarded as merging the note, so as to bar an action thereon against *Rose* and *Peck.* If so, we express no opinion as to the effect, in that respect, of the action of the Court in setting it aside. If setting aside the judgment would restore to the parties all the rights and liabilities upon the note, which attached before the judgment was rendered, still, it could not put *Rose* and *Peck* back into Court as parties to the suit, the cause having been, at the previous term, finally disposed of and ended. *Rose* and *Peck* were out of Court; and it was error to take proceedings against them in a cause, which, as to them at least, had been finally disposed of.

The Court below, in our opinion, erred in not striking the cause, as to *Rose* and *Peck*, from the docket, and in permitting a reply to be filed to the answer which they had

Nov. Term, 1861.

previously filed, and in requiring them to enter upon the trial of the cause.

*Per Curiam.*—The judgment against the appellants is reversed, with costs. Cause remanded, &c.

*John P. Usher*, for the appellants.

*James H. Vawter*, for the appellees.

Mr. *Usher*, for appellants : The note being joint, the judgment against *Downing* was an extinguishment of the note and debt. It was merged in the judgment. *Woodworth* v. *Spofford*, 2 McLean, 168 ; *Clinton Bank of Columbus* v. *Hart*, 5 Ohio R. 33 ; 18 Johns. R. 481.