(Decided 28th June, 1869.)

---

## WILLIAM T. SMITH *vs.* PORTER COOKE.

*Pleading—Partnership—Evidence—Non-joinder of a Partner as defendant must be Pleaded in Abatement— When Objection must be taken to a Leading interrogatory—Rebutting Evidence—Impeaching a Witness— Declarations of Agent when binding on the Principal.*

As a general rule, in actions upon partnership contracts, all the partners ought to be made defendants, but the omission to do so can only be taken advantage of by plea in abatement.

In default of such plea, a joint contract may be offered in evidence in support of the separate contract declared on.

Smith *vs.* Cooke.

The objection to an interrogatory that it is "leading," being to the form and manner in which the question was put, should be taken before the commissioner by whom the evidence is taken.

Where evidence had been offered to prove a partnership between the defendant and his son, and that the business was carried on in one place in the name of the son, and in another in the name of the father, it is competent and proper for the plaintiff to explain why the goods (the price of which was the subject of the action,) were charged to the father, and the circumstances under which they were delivered.

Where the defendant had offered evidence to prove that the "cans" mentioned in the declaration were sold to T. R. S (not a defendant in the action,) it is competent for the plaintiff, in rebutting this testimony, to prove what was the credit of T. R. S, and to explain why he would not have furnished to him the *cans* in controversy.

A contracted with B to manufacture and deliver to the latter certain *cans;* in an action by A against B for the price of the cans, B offered to prove that H, the agent of A, while the cans were being manufactured, stated, on several occasions, that he was selling the same to T. R. S. HELD:

That the evidence was liable to two objections. 1st. If offered for the purpose of impeaching the witness H, he should have been first asked whether he had ever made such declarations; and 2dly. Having been made after the alleged contract, the declarations were not binding on A.

APPEAL from the Superior Court of Baltimore City.

This was an action of *assumpsit* for goods sold and delivered, brought by the appellee against the appellant. The defendant pleaded "never indebted" and "did not promise as alleged," upon which pleas issue was joined.

*First Exception:* At the trial the plaintiff offered to read to the jury, from the deposition of Richard Holmes taken before a commissioner to be used in the two cases of *Porter Cooke vs. William T. Smith* and *Porter Cooke vs. Samuel J. Smith,* the reply of said Holmes to the second interrogatory propounded to him, the said question and reply being as follows:

Are you acquainted with William T. Smith and Samuel J. Smith, the above-named defendants, or either of them, and if yea, how long have you known them, and in what

business are they or either of them engaged, when were they so engaged, and where was the said business carried on in 1863, and was there any connection in business between the said William T. and Samuel, if so, state what was the connection, and your means of knowledge on the subject?

"I am acquainted with the defendant in both cases, and have known them at least twelve years; they are packers of oysters and fruit, and have been engaged in that business ever since I have known them; in the year 1863 they had two shops. William T. Smith's place of business was in Lemon street, and Samuel J. Smith & Co. had their place of business at the junction of south Howard and Liberty streets; William T. Smith and Samuel J. Smith were in partnership together. According to Samuel J. Smith's own account to me, he told me that his father William T. Smith was the Company."

Whereupon the defendant excepted to that part of said second interrogatory which is in the following words: "and was there any connection in business between the said William T. and Samuel; if so, state what was that connection, and your means of knowledge on the subject," because the same was irrelevant. The Court (MARTIN, J.,) overruled this objection, and directed the answer to be read to the jury. To this ruling of the Court the defendant excepted.

*Second Exception:* The plaintiff then read interrogatory No. two and a half propounded to said witness in the following words: "Under what name or title was the business on Lemon street conducted; did you ever hear Samuel J. Smith or William T. Smith say that Samuel J. Smith was a partner in the business conducted on Lemon street?" And was about to read to the jury the answer thereto, when the defendant objected on the ground that said interrogatory was "*leading,*" but the Court overruled the objection and permitted said answer to be read to the jury. The defendant excepted.

*Third Exception*, waived.

*Fourth Exception :* This exception was taken to the admission by the Court of the answer of the said witness Holmes to interrogatory No. $3\frac{1}{2}$, which was in the following words: "State to whom the cans furnished under the contract, mentioned in your answer to the previous interrogatory, were all charged, and why they were so charged ?".

*Fifth Exception*, waived.

*Sixth Exception :* This exception was taken to the admission by the Court of said witness' answer to the following interrogatory: Were you acquainted with Theodore R. Smith ; if yea, state his relationship to the above-named defendants, state in what employment he was at the time of the transactions of which you have spoken, and before; was he a person of any credit in July, 1863, and would you, either for yourself or your employer, have credited or given him credit on sales of cans; did he fail in his business at the Penitentiary ?

*Seventh Exception*, waived.

*Eighth Exception :* The plaintiff having proved by the witness Holmes that the cans were sold and delivered to William T. Smith and Samuel J. Smith, the defendant put on the witness stand Roberts, who testified that he was assistant superintendent of the Maryland Penitentiary in 1863 ; that he knew the witness Holmes, who was then superintending the manufactory of the cans there for the plaintiff. The defendant then asked whether he had any conversation with the witness Holmes, late in the summer of 1863, as to whom he was selling cans for the plaintiff, and announced that he expected to be able to show that Robert Holmes, at the time he was selling the cans in question, repeatedly declared that he was selling said cans to Theodore R. Smith, to which evidence the plaintiff objected. The Court sustained the objection, and

ruled that the testimony was inadmissible ; to this ruling of the Court the defendant excepted.

Other facts affecting the points decided, will be found in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, GRASON and ROBINSON, J.

*P. McLaughlin*, for the appellant.

Samuel J. Smith is not a party to this action. His statement, as to the partnership, is only hearsay evidence, and should not be admitted for the purpose of making William T. Smith liable in this action, who is sued separately. The law will not allow a man to be charged with words spoken in his absence. *Shilling vs. Carson*, 27 *Md.*, 175, 188; *Wolfe vs. Hauver*, 1 *Gill*, 84, 87, 94; *Whiteford vs. Burckmyer & Adams*, 1 *Gill*, 127, 140; *Carrol vs. The Granite Manuf. Co.*, 11 *Md.*, 399, 407, 408.

In support of the sixth exception, the following authorities were relied on: 1 *Greenl. on Evidence*, sec. 448 ; *Bannon vs. Balt. & Ohio R. R. Co.*, 24 *Md.*, 119 ; *Cherry vs. Stine*, 11 *Md.*, 1.

The eighth exception was well taken. The defendant had a right to show what the witness said at other times, as to whom he was selling the goods in question. *Tucker vs. Welsh*, 17 *Mass.*, 160; *Titus vs. Ash*, 4 *Foster*, 319; *Hedge vs. Clapp*, 22 *Conn.*, 262 ; *Robinson vs. Hutchinson*, 31 *Vermont*, 443.

*Frederick W. Brune*, for the appellee, cited *Franklin Bank vs. Pennsylvania, Maryland & Delaware Steamboat Company*, 11 *G. & J.*, 33–35 ; *Story on Agency*, secs. 134–138 ; *Fairlie vs. Hastings*, 10 *Ves.*, 126 ; *Bethan vs. Benson*, 5 *E. C. L. R.*, 456 ; *Corbin vs. Adams*, 6 *Cush.* 93 ; *York Company vs. Central Railroad*, 3 *Wallace*, 107, 113, 191 ; *Blackburn vs. Crawfords*, 3 *Wallace*, 175.

Smith *vs.* Cooke.

ROBINSON, J., delivered the opinion of the Court.

The question substantially presented by the first bill of exceptions is, whether, in an action against one partner, it is competent for the plaintiff to offer evidence of a partnership, whereby to charge the defendant with goods sold and delivered to the firm.

As a general rule, it is true, that in actions upon partnership contracts all the partners ought to be made defendants, but it is also equally well established that the omission to do so can only be taken advantage of by plea in abatement.

In the language of Lord MANSFIELD, in *Rice vs. Shute*, 5 *Burr.*, 2611, " All contracts with partners are joint and several: every partner is liable to pay the whole. In what proportion the others should contribute, is a matter merely among themselves."

If, however, the plaintiff does not declare jointly, the defect can only be pleaded in abatement, and in default of such a plea, " the joint contract may be offered in evidence in support of the separate contract declared on." *Collyer on Partnership*, 715.

Accordingly, in *Barry vs. Foyles*, 1 *Peters*, 316, where one partner was sued as the sole contracting party, it was held that evidence of a joint assumpsit was admissible whereby to charge the defendant.

In the case now before us, the defendant did not plead in abatement, and the evidence to prove a partnership between the defendant and his son, Samuel J., was, therefore, clearly admissible.

The objection to interrogatory No. $2\frac{1}{2}$, on the ground that it was "*leading*," was properly overruled. Being to the form and manner in which the question was put, the objection should have been made before the commissioner. This was decided in *Striker vs. Todd*, 13 *Sergt. & Rawle*, 13, and upon the ground that if made at that time the question might have been modified to meet the objection.

We concur with the ruling of the Court in the fourth bill of exceptions. Evidence had been offered to prove a partnership between the defendant and his son, Samuel J.; and that the business was carried on in Lemon street, in the name of the son, and at the corner of Howard and Liberty streets, in the name of the father.

We think it was competent and proper for the plaintiff to explain why the goods were charged to the father, and the circumstances under which they were delivered.

We find no error in overruling the objection to the fifth interrogatory. The defendant having offered evidence to prove that the "cans" mentioned in the declaration were sold to Theodore R. Smith, it was competent for the plaintiff, in rebutting this testimony, to prove what was the credit of Theodore, and to explain why he would not have furnished to him the cans in controversy.

The offer on the part of the defendant to prove that Holmes, the *foreman* and *agent* of the plaintiff, had repeatedly declared, in the summer of 1863, whilst he was engaged in manufacturing the cans, that he was selling the same to Theodore R. Smith, was properly rejected. The evidence was liable to two objections: first, if for the purpose of impeaching the witness Holmes, he should have been asked whether he had ever made such declarations; and secondly, having been made after the alleged contract, they were not binding on the plaintiff.

The representation or declaration of an agent does not bind the principal, unless made at the time of the contract. *Story on Agency*, 135.

They are no part of the *res gestæ*, if made after the contract is consummated, and are not admissible in evidence against the principal.

We see no objection to the plaintiff's first prayer. In order to find for the plaintiff, the jury was instructed that they must believe from the evidence, that the cans mentioned in the plaintiff's declaration, were furnished and

delivered upon the joint order of the defendant and his son Samuel J. ; if furnished on the contract and order of *Theodore R. Smith*, they were instructed to find for the defendant.

The third prayer of the defendant was properly rejected. It excluded from the jury the evidence of Holmes, as contradicting the witness Samuel J. Smith, who had testified that he never said his father was a member of the firm.

The fourth prayer was fully covered by the plaintiff's first, and the defendant's fifth prayer, which were granted.

The defendant suffered no injury, therefore, by its rejection.

Finding no error in the rulings of the Court below, the judgment will be affirmed.

*Judgment affirmed.*

(Decided 28th June, 1869.)