GEORGE E. HAPGOOD *vs.* JOHN WATSON, junior.

Somerset, 1875.—May 8, 1876.

*Promissory notes.   Amendment.   Pleading.*

A note made by a firm and payable to one of its members is valid in the hands of an indorsee.

The non-joinder of a co-promisor is sometimes a valid defense under a plea in abatement; but not under the general issue.

R. S., c: 81, § 99, which provides that the statute of limitations does not run while the promisor is out of the state, cannot be avoided on the ground that the right to recover against a co-promisor is barred.

A note signed "John Watson, jr., & Co.," was declared on as a note by the defendant subscribed "by the name of John Watson, jr." *Held,* that an amendment, by striking out the words "by the name of John Watson, jr.," was allowable.

A joint note of several was given in evidence under the general issue on a declaration alleging the individual promise of one.   *Held,* not to be a variance.

The firm of John Watson, jr., & Co.; in 1861, gave their negotiable note, on demand unwitnessed, to S. W. Hapgood, one of the firm; the note was by him indorsed to the plaintiff who brought suit against Watson alone in 1873. Watson had been during most of the interval out of the state.   Under the general issue and brief statement of the statute of limitations, *held,* 1, that the plaintiff was entitled to recover; 2, that the proof that another promised as well as the defendant did not constitute a variance; 3, that the proof that the right to recover was barred as to one of several joint promisors is no defense for the others.

ON REPORT.

ASSUMPSIT on a promissory note of the tenor following:

"$4436.89.   For value received we promise to pay S. W. Hapgood or order, forty-four hundred and thirty-six dollars and eighty-nine cents on demand and interest.

North Anson, August 31, 1861.

(Signed,)                    John Watson, jr., & Co."

There were indorsements of interest $673.36 to date, (September 1, 1862,) and twenty-four [hundred] and sixty-three dollars, and 44-100, January 31, 1863.   Also an indorsement in blank: "S. W. Hapgood."

The writ was dated March 24, 1873.

*Declaration.*   "In a plea of the case : for that the said defendant at North Anson, on the thirty-first day of August, 1861, by his promissory note of that date by him subscribed, by the name

of John Watson, jr., for value received, promised S. W. Hapgood to pay him, or order, the sum of forty-four hundred and thirty-six dollars and eighty-nine cents, on demand, and interest; and the said S. W. Hapgood, thereafterwards, on the same day, indorsed and delivered the said note to the plaintiff, whereby the said defendant had notice, and thereby became liable, and in consideration thereof promised the plaintiff to pay him said note according to the tenor thereof.

Also a count for money had and received under which the plaintiff claimed to recover the amount due on the note described in the first count.

The plea was the general issue, with a brief statement of the statute of limitations, which the plaintiff joined.

Upon reading the writ to the jury, the plaintiff asked leave to amend the first count, by striking out as unnecessary and surplusage, the words "by the name of John Watson, jr."

The presiding justice intimated that he saw no objection to allowing the amendment, but said he would first hear the evidence in the case, and then allow or disallow it as the rights of the parties might seem to require.

The execution of the note, by the firm of John Watson, jr., & Co., in the handwriting of John Watson, jr., was not denied, and it was read to the jury, together with all the indorsements thereon, without other objection on the part of the defendant than that of variance from the note described in the writ; which objection the presiding justice overruled.

The firm of John Watson, jr., & Co., consisted of Watson and Sherman W. Hapgood, who formed a copartnership about A. D. 1860. In a year or two after the making of the note, the defendant left for the west, and continued to reside out of this state.

After the evidence was out, the presiding justice allowed the amendment to the declaration as matter of law, subject to the defendant's objection, and the case was made law on report; the full court to order a default or nonsuit according to the legal rights of the parties.

*D. D. Stewart & J. J. Parlin*, for the plaintiff.

I. The objection that there was a variance, between the note

described in the declaration and that offered in evidence, has no legal foundation.

It is the ordinary case of the non-joinder of a joint contractor. The defendant can avail himself of the objection only by plea in abatement, and not upon the ground of variance between the allegation in the writ and the proof offered to support it. *White* v. *Cushing*, 30 Maine, 267. *Barry* v. *Foyles*, 1 Peters, 311. *Holmes* v. *Marden*, 12 Pick., 168. *Wilson* v. *Nevers*, 20 Pick., 20. *Scott* v. *Shears*, 9 Cush., 504. *Reed* v. *Wilson*, 39 Maine, 585.

II. The evidence shows that the defendant has been out of the state for the most of the time since the note was given, and still resides out of it.

It is not barred, therefore, by the statute of limitations. R. S. 1871, c. 81, § 99.

III. The fact that the note was originally given by a partnership to one of its members, affords no legal defense. It has been duly negotiated by the original payee to the plaintiff, and there is neither proof nor pretense that it has ever been paid, released or discharged, in any way, since it was given, or that it is not justly due. *Richards* v. *Fisher et als.*, 2 Allen, 527. *Davis* v. *Briggs et al.*, 39 Maine, 304. *Smith* v. *Lusher*, 5 Cowen, 688. *Pitcher* v. *Barrows*, 17 Pick., 361. *Thayer* v. *Buffum*, 11 Metc., 398. *Temple* v. *Seaver et al.*, 11 Cush., 314. *Van Ness* v. *Forrest*, 8 Cranch., 34.

The plaintiff is therefore entitled to judgment.

*A. H. Ware*, for the defendant, contended that there was a variance, and that the amendment to the declaration if admissible at all, was not admissible after general issue joined, because without amendment, the general issue would have been a successful plea; with the amendment, the plea in abatement would be too late. He also relied upon the statute of limitations, because both the makers were not out of the state.

WALTON, J. We think the plaintiff is entitled to judgment in this case.

I. The fact that the note declared on was made payable to one

of the members of the firm by whom it was signed, is no objection to a recovery. Such a note is valid in the hands of an indorsee, and a suit thereon may be maintained by him precisely as if the note had originally been made payable to some one not a member of the firm. *Davis* v. *Briggs*, 39 Maine, 304. *Pitcher* v. *Barrows*, 17 Pick., 361. *Thayer* v. *Buffum*, 11 Metc., 398.

II. Nor does the fact that the note is declared on as the promise of the defendant alone, preclude a recovery. It is well settled that the joint promise of several may be declared on as the individual promise of each. If, in proving the defendant's promise, the evidence happens to show that others also promised, a variance is not thereby created between the allegations and the proof. It is none the less the defendant's promise because others promised with him. It is true that the non-joinder of a co-promisor is sometimes a valid ground of defense; but to make it so, it must be pleaded in abatement; it can never be taken advantage of under the general issue. *White* v. *Cushing*, 30 Maine, 267. *Barry* v. *Foyles*, 1 Peters, 311. *Scott* v. *Shears*, 9 Cush., 504. *Reed* v. *Wilson*, 39 Maine, 585.

III. Nor is the plaintiff's right to recover barred by the statute of limitations. The evidence satisfies us that the defendant has resided out of the state for a sufficient length of time to avoid this ground of defense. It may be that the right to recover against his co-promisor is barred; but that is no defense for him. R. S., c. 81, § 99.

IV. We entertain no doubt whatever of the power of the court to allow the amendment of the declaration in the particular stated in the report. No new cause of action was thereby introduced.

*Judgment for plaintiff.*

APPLETON, C. J., DICKERSON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.