[Civ. No. 348. First Appellate District.—June 11, 1907.]

## BAKER & HAMILTON, Appellant, v. G. W. LAMBERT, Respondent.

GOODS SOLD AND DELIVERED—PLEADING—PARTNERSHIP LIABILITY—WAIVER OF NONJOINDER.—A recovery may be had upon a partnership liability against one of the partners sued individually, where he fails to plead a nonjoinder of his copartner. Such failure operates as a waiver of objection.

ID.—EVIDENCE—SALE TO PARTNERSHIP.—In such case evidence is admissible for the plaintiff to show that a partnership existed between defendant and a third person, and that the goods sold and delivered were sold and delivered to such partnership; and it was error to refuse to admit such evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order refusing a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Page, McCutchen & Knight, for Appellant.

William H. Johnson, for Respondent.

COOPER, J.—This is an appeal from a judgment in favor of defendant, and from an order denying the plaintiff's motion for a new trial.

The complaint contains the common counts, alleging in various forms that the defendant is indebted to the plaintiff in the sum of $575.28 for goods, wares and merchandise, sold and delivered by plaintiff to defendant at his special instance and request.

Upon the trial the evidence showed that a partnership had existed between the defendant and one Lipsett. Plaintiff then offered testimony tending to show a sale of the goods and merchandise to the partnership. The defendant objected to the offered testimony on the ground that under the pleadings the proof of a partnership indebtedness was inadmissible, and the court sustained the objection.

The question presented for decision is as to whether the allegations of the complaint as to an individual indebtedness can, in the absence of any plea of nonjoinder by defendant, be supported by evidence of a partnership indebtedness, the defendant being one of the partners. The precise question does not appear to have been decided in this state, and is an important one.

We are of opinion that the evidence was admissible. The indebtedness was the joint indebtedness of both the partners. The complaint, therefore, should have been against both, as they are united in interest (Code Civ. Proc., sec. 382). The code provides (Code Civ. Proc., sec. 430) that the defendant may demur to the complaint when it appears upon the face thereof that there is defect of parties defendant. It does not appear upon the face of the complaint that there is such defect, and hence the point could not have been raised by demurrer. It is further provided (section 433) that in such case the objection may be taken by answer; then follows section 434, which provides: "If no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same."

The defendant, knowing the fact that his partner was not joined, should have raised the question of such nonjoinder by his answer, if he desired to rely upon it. The provisions of the code in regard to the matter are simple, and easily followed. The object is to require the parties in good faith to state the matters and things relied upon so as to inform the adversary of the issues to be tried, with a view of disposing of cases upon their merits. It is with this object in view that courts must construe pleadings with reference to the code, so that neither party may gain an unfair advantage over his adversary. With the provisions of the code cited before his eyes, the defendant cannot be allowed to lull his adversary into repose, and, for the first time, raise the point which was at all times within his knowledge, but which he

waived by not alleging in his answer. Having remained silent when he should have informed the plaintiff, he will be precluded from speaking afterward. The rule was the same at common law.

In *Rice* v. *Shute*, 5 Burr. 2611, the judgment of the king's bench was given by Lord Mansfield. On the trial evidence was given that one Cole, who had not been made defendant, was a partner of Shute, and thereupon on motion of the defendant the lower court gave judgment of nonsuit against the plaintiff. The nonsuit was set aside and the court held that as the defendant had not pleaded the matter in abatement, he had waived it.

The above case was followed by Chief Justice Marshall in *Barry* v. *Foyles*, 1 Pet. 311, [7 L. ed. 157]. It was there said: "If, therefore, the defendant fails to avail himself of the variance in abatement, when the form of his plea obliges him to give the plaintiff a proper action, the policy of the law does not permit him to avail himself of it at the trial. The course of decisions since the case of *Rice* v. *Shute* has been so uniform that the principle would have been considered as too well settled for controversy, had it not lately been questioned by a judge from whose opinions we ought not lightly to depart."

*Rice* v. *Shute* was again followed and approved by the supreme court of the United States in *Mason* v. *Eldred*, 6 Wall. 231, [18 L. ed. 783]. The opinion was by Judge Field, and it is there said: "It is true that each copartner is bound for the entire amount due on copartnership contracts; and that this obligation is so far several that if he is sued alone, and does not plead the nonjoinder of his copartners, a recovery may be had against him for the whole amount due upon the contract."

In the Encyclopedia of Pleading and Practice, volume 15, page 98, the rule is stated as follows: "Where one partner is declared against, and nonjoinder is not pleaded in abatement, proof of a partnership contract is not a variance, as partnership obligations are to this extent regarded as joint and several." (See further, *Abbott* v. *Smith*, 2 W. Black. 925; *Woodworth* v. *Spofford*, 2 McLean, 168, [Fed. Cas. No. 18,020]; *Robertson* v. *Smith*, 18 Johns. 459, [9 Am. Dec. 227]; *Wilson* v. *McCormick*, 86 Va. 995, [11 S. E. 976]; *Smith* v. *Cooke*, 31 Md. 174, [100 Am. Dec. 58].)

In the case of *Williams* v. *Southern Pac. R. R. Co.,* 110
Cal. 457, [42 Pac. 974], it was held that in the absence of
a plea of misjoinder one member of a copartnership may re-
cover in his individual name the whole amount due the firm
of which he was a member.    That case was approved and
followed as to the same point in *Ah Tong* v. *Earle Fruit Co.,*
112 Cal. 679, [45 Pac. 7].    It would seem upon principle
that if, in the absence of a plea of misjoinder, in abatement,
an individual as plaintiff can recover upon a liability due
a partnership of which he is a member, a recovery could under
like circumstances be had against him as defendant upon a
partnership liability due from a partnership of which he is
one of the partners.

A case very much like the case at bar is *Kerry* v. *Pacific
Marine Co.,* 121 Cal. 564, [66 Am. St. Rep. 65, 54 Pac. 89].
The action was there brought against one of the part own-
ers upon a contract relating to the ship, which should have
been brought against all the owners jointly, and it was held
that the action would lie in the absence of a plea by the de-
fendant of the misjoinder of the other part owners.

It would require a great deal of imagination to give a rea-
son why, if a part owner of a vessel cannot claim a mis-
joinder because he has not availed himself of it by proper
plea in abatement, a member of a partnership can, under like
circumstances, claim such misjoinder.

We have examined the cases cited by defendant; and while
there are in many of them expressions which tend to sup-
port his position, we do not think any one of them is direct
authority for the proposition contended for by defendant
here.    The one upon which most reliance is placed is *McCord*
v. *Seale,* 56 Cal. 264.    It was stated there in broad terms
that the proof of a partnership contract would not sustain the
allegation of the complaint as to an individual contract; but
the report of the case shows that the answer contained, be-
sides a general denial, "a separate defense of a partnership
existing between the plaintiffs under the firm name of Mc-
Cord and Malone at the time of the alleged transaction be-
tween them and the defendant."

The case is decided upon the theory that the point was
properly raised in the answer.    The question of waiver is
not mentioned in the opinion.

It follows that the judgment and order should each be reversed, and it is so ordered.

Kerrigan, J., and Hall, J., concurred.