## FRANK NICHOLS, LIMITED, *v.* JOHN F. ROSA, DOING BUSINESS AS THE GREEN LANTERN.

### No. 2193.

SUBMITTED AUGUST 24, 1935.          DECIDED SEPTEMBER 24, 1935.

COKE, C. J., PETERS, J., AND CIRCUIT JUDGE METZGER IN
PLACE OF BANKS, J., UNABLE TO ATTEND ON
ACCOUNT OF ILLNESS.

OPINION OF THE COURT BY COKE, C. J.

The appellant, John F. Rosa, comes to this court on a writ of error to review a judgment rendered against him in the district court of Honolulu in an action in assumpsit to recover the value of certain merchandise alleged to have been sold and delivered by the defendant in error's assignor. Plaintiff showed upon the trial that the cause of action was an indebtedness of a commercial enterprise conducted by the defendant and another as general copartners under the firm name of the Green Lantern. The record is

silent as to whether the partnership was registered, as required by statute. The magistrate gave judgment for plaintiff against defendant.

The assignments of error which are properly before us for consideration challenge the validity of the judgment in the court below on the ground that the evidence was insufficient to support it, it being argued by appellant that the defendant cannot be held liable for a partnership debt in a proceeding against him individually.

While the obligation of general copartners in this jurisdiction is joint and hence in a suit upon a partnership liability all the partners should under the ordinary rules of pleading be joined as parties defendant, the ultimate several liability of each partner admits of an action against less than all the parties or only one, as upon a joint and several obligation, it being incumbent under those circumstances upon the partners or partner sued to plead nonjoinder of all the partners by appropriate plea. In the absence of any such plea the court may proceed to judgment against the defendants or defendant sued. *Rice* v. *Shute,* 5 Burr. 2612, 98 Eng. Repr. 374; *Barry* v. *Foyles,* 1 Pet. (U. S.) 311, 7 L. Ed. 157, 160.

This state of the law eliminates the question of whether or not the partnership was registered. Failing objection of nonjoinder the defendants or defendant may be proceeded against as upon a several liability, which is the same as the penalty imposed by the statute for nonregistration.

The judgment for plaintiff is affirmed.

*Jon Wiig* for plaintiff in error.

*O. P. Soares* for defendant in error.