# JOHN WENDT v. THATCHER ROSS.

ACTION FOR MONEY HAD AND RECEIVED.—Where the complaint charges that A., being indebted to plaintiff in a sum of money, it was agreed between A., plaintiff, and defendant, that A. should pay the same to defendant, who should pay the same to plaintiff on the request of plaintiff, that thereafter A. paid to defendant said sum in the gold coin of the United States, to and for the use and benefit of plaintiff, that defendant refused to pay the same to plaintiff upon said request duly made ; an action to recover said sum in said coin is an action for money had and received, and therein the defendant is not charged, nor, upon said facts, chargeable as a bailee.

DEFECT IN PLEADING, WHEN WAIVED.—The objection for a nonjoinder of all the proper parties as plaintiffs, where the defect does not appear upon the face of the complaint, must be taken by answer, else the objection will be deemed waived.

CONFLICT OF EVIDENCE.—Where the evidence is conflicting upon any of the issues of fact, this Court will not be warranted in disturbing the verdict of a jury or other decision upon such issues.

JUDGMENT FOR GOLD COIN.—Where, in an action for money had and received, it appeared that defendant received the sums demanded in gold coin and gold dust, all of which he entered in his account book as " cash," a verdict for plaintiff for said sum " in gold coin " will not be set aside as contrary to the evidence.

APPLICATION OF PAYMENTS.—Where money is paid generally, upon an account composed of different items, made at divers dates, and no appropriation thereof is made by either party to any particular part of the account, the rule is that the payment shall be applied to the charges in the order of time in which they are made.

IDEM.—Where payments are made generally to a party having two accounts against the party paying—one due to himself, the other to a third party, for whom he was acting as agent—and no appropriation of such payments to either account is made by either party, the rule is that said payments will be applied ratably to both accounts.

IDEM.—The debtor may, at or before the time of payment, direct the application of the payment, and if the creditor receives the money he is bound by the direction. If the debtor omits to make such application, the creditor may, generally, apply the payment to any debt he chooses, but when so made he cannot, without the consent of the debtor, change such application.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The material averments of the plaintiff's complaint are as follows, to wit :

" On the 6th day of June, 1864, the firm of Ah Sing & Co. were indebted' to the plaintiff in the sum of ($425) four hundred and twenty-five dollars, being the balance due

plaintiff of the purchase money of a certain interest in a
lot of mining claims situate on Dutch Ravine, Placer County,
and before that time sold and conveyed by plaintiff to said
Ah Sing & Co.   That afterwards, to wit: on the day and
year aforesaid, at the said county, it was mutually agreed
by and between the said plaintiff and Ah Sing & Co. and the
said defendant, that the said Ah Sing & Co. would and
should pay over to the said defendant the said sum of money
so due as aforesaid, and that defendant would receive and
safely keep the same as the money of plaintiff, and would
pay the same over to the plaintiff when he should be there-
unto afterwards requested.   And plaintiff avers that after-
wards, to wit: on said day and year, the said Ah Sing & Co.
did pay over, in the gold coin of the United States, said sum
of four hundred and twenty-five dollars to the said defendant
for and to the use and benefit of said plaintiff; and said
defendant so received the same in said coin.   And plaintiff
avers that afterwards, to wit: on the 1st day of September,
1864, the plaintiff demanded of said Ross the payment of
said sum of money, in said coin; but that said defendant
Ross has wholly failed, neglected, and refused, and still does
so fail, neglect, and refuse to pay the same, or any part
thereof, and that there is now due plaintiff from said defend-
ant said full sum of four hundred and twenty-five dollars in
gold coin, and legal interest thereon from said 1st day of
September, 1864."

The answer consisted only of denials of all the material
facts of the complaint.   On the trial there was evidence
tending to prove that the demand sued for was the property
of the plaintiff and three other persons.   It was proved on
the trial that the defendant was a merchant, who for several
years, to wit: between September 26th, 1863, and March
12th, 1866, sold merchandise to Ah Sing & Co., and had with
them constanly an open book account, consisting on the one
side of charges for said merchandise and for moneys advanced
on the account of Ah Sing & Co., one of which charges,

under date of June 6th, 1864, was " cash paid J. Wendt, $425," and on the other side of numerous payments in " cash," which were proved on the trial to have been paid in gold coin and gold dust, made between October 17th, 1863, and March 12th, 1866; that during the whole period said account run, Ah Sing & Co. were indebted to defendant not less at any time than twelve hundred dollars, but that the payments made by Ah Sing & Co. after June 6th, 1864, were so much in excess of the balance at the said last date due the defendant on said account as very nearly to liquidate the plaintiff's demand against Ah Sing & Co. There was evidence introduced on the part of the defendant tending to prove that the entry of said charge, " cash paid J. Wendt, $425," was made by defendant merely for the purpose of hastening the payment by Ah Sing & Co. to plaintiff of said sum, and by agreement between plaintiff and defendant, the entry was so made for that purpose only. The evidence on this point was conflicting.

At the request of plaintiff, the Court gave the jury the following instructions, to wit :

" If the jury believe from the evidence that the bills of sale mentioned in the pleadings and referred to by the witnesses were deposited with defendant by the united consent of plaintiff, the Chinamen, and defendant, for the purpose of enabling defendant to collect from the Chinamen for plaintiff any money that might become due from them to plaintiff under said bill of sale, and if they further believe from the evidence that the said Chinamen from time to time paid Ross money, and that Ross, out of any money so paid him, appropriated or credited to plaintiff four hundred and twenty-five dollars, then plaintiff ought to have credit for that amount. If the jury believe from the evidence that four hundred and twenty-five dollars was the real and true amount to be paid to plaintiff, and the fact that Ross dealt with the said Chinamen on his own account, and still holds a demand against them, cannot defeat plaintiff's rights."

To which defendant duly excepted.

Defendant then asked of the Court the following instructions, which were refused, to which refusal defendant duly excepted, to wit:

" If Ross had a demand against the Chinamen, and received moneys from them which he applied to his own debt, that does not render him liable in this action, unless he was told at the time of payment to apply it to the debt of Wendt. Refused, because all that is correct is contained in instructions the third and fifth given."

The verdict and judgment were for the plaintiff for the sum demanded, in the gold coin of the United States. The defendant moved for a new trial upon the grounds following, to wit:

" First—The Court erred in giving plaintiff's instructions to the jury.

" Second—The Court erred in refusing defendant's instructions to the jury as asked.

" Third—The judgment is contrary to the evidence in this: that there is no proof the money sued for was ever paid to or received by Ross, as averred in complaint. There is no proof that any demand was ever made on Ross for the money. There is no proof of the kind of money paid to or received by Ross, if any was ever received by him.

" Fourth—The judgment is against law."

The motion was denied by the Court, and from the order denying the same, and said judgment, the defendant appealed.

The other facts are stated in the opinion of the Court.

*Jo Hamilton,* for Appellant.

The transaction between Ross, Wendt, and the Chinamen was a bailment, and Ross, the depositee, was not liable until

a demand was made upon him at the place of the deposit. (Story on Bailments, Secs. 41–3, 61, 107, 117; *Brown et al.* v. *Cook*, 9 Johns. 360; *Hoffman* v. *Clark*, 2 Greenl. 308.) No such demand was made. The proofs show that this fund was the joint property of Wendt and others, and not of Wendt individually. There was no assignment or transfer by the others to Wendt, and Wendt could not in his own name maintain his suit under the testimony. But it is contended on the part of plaintiff that it is not a bailment, but that the suit is for money had and received for the use of another. Yet by his own theory, the defendant, having received the money in a fiduciary capacity, either as agent or bailee, was entitled to demand before suit was brought, and that demand must be after the money was actually received by the agent or bailee.

The judgment is contrary to law in this: that there is neither law or fact justifying a coin judgment. It will be seen that the only evidence justifying a recovery against Ross is, that we incorporate this four hundred and twenty-five dollars into the Chinamen's account, and by placing it as a charge against the Chinamen. It is not contended that the Chinamen contracted or were bound to pay plaintiff in coin, nor can it be successfully held that they paid the coin to Ross. The money that they paid on their general account was paid in gold coin and gold dust taken from the claim. It nowhere appears that the Chinamen ever at any time paid Ross money with orders, or with the understanding that it was not to go on their general account, but was to be applied to the Wendt debt.

The instructions to the jury given at plaintiff's request do not state the law correctly; moreover, by reason of their peculiar terms, they did the defendant great injustice in this: that they assumed the existence of sufficient evidence before the jury to support a finding by them upon the points of fact involved in the issues, when, in truth, there was no evidence bearing on said matters before the jury.

*Tweed & Craig*, for Respondent.

The verdict in plaintiff's favor establishes the fact that on the 6th day of June, 1864, defendant received to the use of the plaintiff four hundred and twenty-five dollars, in gold coin. If it were true, as contended by appellant's counsel, that the defendant held this sum as a technical bailment, and was therefore entitled to demand at the particular place of bailment, still it would be necessary, if defendant intended to justify a refusal of a demand not made at such particular place, and for payment at such place, that he should have based his refusal upon the specific ground that he was entitled to a demand at such place, and the testimony herein showing that subsequently to the 6th day of June, 1864, plaintiff had made demand, and that the payment had not been refused upon the special grounds above mentioned, the liability to a demand at a particular place only will be deemed to have been waived. But the complaint as a whole substantially shows money had and received to the use of the plaintiff, and in consideration thereof a legal liability to repay, and seeks under the statute to compel a repayment in the same kind of currency alleged to have been received. As to the point that the fund belonged jointly to the plaintiff and the other grantors of the mining claims, there is no such defence set up in the answer, and is therefore waived.

The instructions given to the jury declared the law correctly, and were applicable to the case as it existed before the Court and jury.

As to the point that there was no proof of the kind of money paid to or received by defendant, the testimony for plaintiff shows that gold coin and gold dust were the only kinds of payments ever made by the Chinamen to the defendant. The entry in the defendant's account of the four hundred and twenty-five dollars paid Wendt, shows that the same was paid in money and not gold dust, and aids plaintiff's testimony on this point. This evidence sufficiently

supports the verdict on this point, and there is no conflicting evidence tending to show a payment in any other kind of currency. As matter of practice, it seems that these questions with reference to the verdict, are not before the Court. The specification in the statement is that the *judgment* is contrary to the evidence; whereas, to raise the point, the specification should have been that the *verdict* was contrary to the evidence.

By the Court, RHODES, J.:

This is an action for money had and received. The defendant is not charged, nor is he upon the facts of the case chargeable as a bailee.

The objection, that all the persons who were interested in the purchase money for the mining claim should have been joined as plaintiffs, is deemed to have been waived because of the failure to take the objection by answer, the matter not appearing upon the face of the complaint. (Practice Act, Sec. 45.) In respect to the receipt of the money by the defendant for the use of the plaintiff, and the demand of the same from the defendant by the plaintiff, the evidence is conflicting, and we are not warranted in saying that those facts were not sustained by the evidence.

The verdict for gold coin appears to be proper. The purchasers of the mining claim paid the defendant on his account (which included among other items the charge for the purchase money for the claim), in gold coin and dust, all of which he entered in his book as " cash." The account was introduced in evidence by the defendant, and that showed a charge by the defendant against the purchaser of the claim of " cash " paid to the plaintiff, and the only cash mentioned in the testimony being gold coin, the jury might well find for the plaintiff in that kind of money.

The instructions to which our attention is directed involve some of the rules relating to the application of payments. When the defendant charged to the purchasers of the min-

ing claim, in his account with them, the amount they then owed on the claim, that sum became, as between him and them, a mere item in his account, which was then an open current account. The rule as to the application of the payments, of which no appropriation has been made by either party, but which are paid generally upon the account, is that the payments shall be applied, as they are made, to the charges in the order of time in which they accrue. Under this rule, the amount due for the purchase money was paid long before this account was commenced. It would, perhaps, be nearer the true facts of the case to consider that the charge of this item in the defendant's account was made merely for the purpose of hastening the payment by the purchasers, and that the amount remained due to the plaintiff—the defendant acting in respect to it merely as the agent of the plaintiff. In such case general payments will be applied ratably to the debts of both the plaintiff and the defendant; and under that process the balance of the purchase money remaining unpaid by the purchasers would be reduced to a very trifling sum.

There was, however, evidence in the case tending to show an application of the money by the directions of one or the agreement of both of the parties. It was shown that two hundred dollars was at one time paid by the purchasers to the defendant, on the debt to the plaintiff, and that the defendant at another time assented to the remark of the purchasers, that the bill of sale was then settled or clear. The debtor may, at or before the time of payment, direct the application of the payment, and if the creditor receives the money, he is bound by the direction. If the debtor omits to do so, the creditor may, generally, apply it to any debt he chooses; and when the application is made, he is bound by it, and cannot, without the consent of the other party, change the application to another debt. (See 1 Am. Lead. Cases, 268; Notes to *Mayor, etc.* v. *Patton,* and *Field* v. *Holland.*) The evidence tended to show an application of the money to

83

the satisfaction of the debt due to the plaintiff by the direction either of the purchasers or of the defendant; and it makes no difference in this case which party directed its application. The instruction given at the instance of the plaintiff is more favorable to the defendant than he was entitled to, for it requires that the money should have been appropriated by the *defendant* to the plaintiff's debt, without giving the plaintiff any benefit of an. application of the money to that purpose by the purchasers. The fifth instruction given at the request of the defendant, that "Wendt can only recover in this case when the jury are satisfied from the proofs that the money was actually paid defendant, for Wendt, by the Chinamen," is also too favorable to the defendant; for it fails to give the plaintiff the benefit of an application, by the *defendant*, of a general payment—if the jury were satisfied that such an application of the money was made.

Judgment affirmed.

Mr. Justice SAWYER did not express an opinion.