## CHARLOTTE M. PATCHIN, EXECUTRIX, RESPONDENT, v. JOHN M. PECK, APPELLANT.

*Pleading—Complaint—Defect of Parties—Demurrer—Power of Referee to Amend.*

*W. A. Beach* for Respondent.
*J. H. Reynolds* for Appellant.

GROVER, J.—The common law has been changed by the Code, as to the mode of securing any advantage that may be derived from a defect of parties Plaintiffs or Defendants.

By the latter, where the defect appears upon the face of the complaint, the objection can only be raised by demurrer to the complaint, and if the defect does not so appear, by answer, and unless the objection is so taken it is deemed to have been waived (Code, §§ 144, 146, 147 and 148).

This has been repeatedly so held by this Court in reported cases.

This shows that the Defendant could not give in evidence the interest of Whitman, as partner with the Plaintiff, in the demand for services rendered in the Slocum suit, in bar of a recovery of that demand.

It is suggested by the counsel for the Defendant, that the rule ought not to be applied in this case, for the reason that the Defendant could not determine from the complaint that this demand would be claimed by the Plaintiff in this action.

If this be so, the remedy of the Defendant was either to apply to have the complaint made more specific, or to obtain a bill of the particulars of the Plaintiff's demand.

The question remains, whether the evidence was admissible to restrict the recovery to the amount of the Plaintiff's interest in the demand ?

The interest of the Plaintiff was that of a partner, and extended to the entire demand.

Payment of the whole to him would have discharged the Defendant as to both partners.

A recovery of the whole in this action by the Plaintiff will have the like effect. Under such a state of facts it was held by this Court, that when the action was in tort by one party jointly interested with another in the subject-matter, a recovery might be had for the entire demand (Zabriskie *v.* Smith, 13 N. Y. 322).

No reason is perceived why the same rule should not be applied to actions upon contract under the Code. It was also insisted that the Plaintiff could not recover upon the notes given to him as receiver, nor for the money loaned to the Defendant, when the checks therefor were drawn by the Plaintiff, as receiver, to be charged by the bank to the Plaintiff in the account kept of moneys held by him in that capacity.

It is true that the money held by the Plaintiff, as receiver of the bank, were trust funds.

These funds the Plaintiff had no right to loan. The money could be recovered of any one who had received it of the Plaintiff, with knowledge of its trust character, by a successor of the Plaintiff, as receiver.

But the Defendant, who borrowed it of the Plaintiff, and agreed to repay it to him, cannot defend himself against an action by the Plaintiff upon such contract, by simply showing the trust character of the money.

He must go further, and show that payment to the Plaintiff, in pursuance of his contract, will still leave him liable to respond to some other party for the same money.

While the Plaintiff continued receiver, payment to him of the money borrowed would have been good, not only as against the Plaintiff, but also against any successor of the Plaintiff in the receivership.

The same effect would follow upon payment of a judgment recovered by the Plaintiff therefor. Hence, the evidence that the loans were made by the Plaintiff in his individual capacity, and that the Defendant agreed to pay in that capacity, was competent.

No steps having been taken to remove the Plaintiff, or to make the Defendant responsible to any other person for the sums borrowed, the Defendant cannot protect himself from payment to the

Plaintiff by showing that he held the money as trustee, and therefore had no power to loan it.

These remarks apply to the sums loaned upon the checks of the Plaintiff, as receiver.

As to the notes made payable to the order of the Plaintiff, as receiver, they were endorsed by him as such, and thus a valid apparent title given to the holder. This title was not impeached upon the trial.

I have examined the exceptions taken upon the trial to the rulings of the referee, as to the admissibility of testimony, and think none of them well taken.

The exception to the refusal of the referee to permit an amendment of the answer, setting up the interest of Whitman, is not well taken.

It is true that the referee says he had no power to grant the amendment. In this I think he erred.

By section 272 of the Code, the referee had the same power of amendment upon trial as the Court in like case.

The proposed amendment was within this power.

But it does not appear that the amendment would have been granted, had the referee held he possessed the power.

The denial is not therefore shown to have been erroneous.

The referee found the facts found by him from the evidence, and appears to have been very liberal toward the Plaintiff.

Nevertheless, there being no legal error in the case, the judgment must be affirmed.

———

The judgment was affirmed, but not upon the grounds stated in this opinion.

JOEL TIFFANY,
State Reporter.