[Sac. No. 2.   Department Two.—May 22, 1896.]

AH TONG, RESPONDENT, *v.* EARLE FRUIT COMPANY, APPELLANT.

ACTION UPON GUARANTY—SALE OF FRUIT IN BOXES—NET RETURN PER TON—OPINION EVIDENCE—ESTIMATE OF WEIGHT.—Where pears in boxes, called forty-pound boxes, were sold upon commission without any weighing, or any agreement that the fruit should be measured by the nominal capacity of the boxes, in an action upon a guaranty of a net return of fifteen dollars per ton, witnesses engaged in the business of packing fruit may testify to their opinion that the boxes, if well packed, held more than forty pounds each.

ID.—COMPETENCY OF EXPERT WITNESSES—OBJECTION UPON APPEAL.—Where no objection was raised at the trial to the competency of witnesses called to estimate the weight of fruit in boxes, objection thereto cannot be urged upon appeal for the first time.

ID.—IRRELEVANT EVIDENCE—CUSTOMS—EXPENSE OF TRANSPORTATION—EXPRESS CONTRACT OF GUARANTY.—Evidence of the custom of growers to pay the expense of getting their fruit to the defendant's packing-house, is not admissible when the action is upon an express contract of guaranty for a net return to the plaintiff, and not upon a contract resting in implication or presumption, and there being no proof that the parties dealt with reference to such custom.

ID.—IMPEACHMENT OF WITNESS—WEAKNESS OF MEMORY.—A witness cannot be impeached by independent evidence of another witness that he

is a person of weak memory, and his memory can only be impeached by cross-examination, if he is not affected by mental derangement.

ID.—BOOKS OF BANK—INCOMPETENT TESTIMONY OF CASHIER—ERROR WITHOUT PREJUDICE.—It is error to permit the cashier of a bank to state what the books showed on a certain date, where he has no personal knowledge on the subject; but such error is without prejudice where the fact thus proved was of no consequence.

ID.—ACTION BY ONE PARTNER UPON PARTNERSHIP CLAIM—WAIVER OF OBJECTION.—It cannot be objected merely that the evidence shows that the plaintiff had a partner who was interested with him in the demand sued on, who was not joined as a party to the action, where no such objection was raised by the pleadings, but such objection is waived by the failure to plead it.

ID.—INAPPLICABLE INSTRUCTION—ACCOUNT STATED.—A request by the defendant for an instruction as to an account stated between the parties, is properly rejected as inapplicable to the evidence, when the testimony for the defendant shows that plaintiff did not consent to the account rendered by the defendant, but objected to it on the ground that a sum certain had been guaranteed to him.

ID.—REQUEST FOR INSTRUCTION AS TO STATEMENT OF COUNSEL—ERROR NOT SHOWN IN RECORD.—The refusal of a request by defendant for certain instructions in order to prevent the jury being misled by statements of counsel for plaintiff in their closing argument, cannot be considered, where the statements of counsel alluded to are not contained in the record.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. M. K. HARRIS, Judge.

The facts are stated in the opinion.

*Frank H. Short*, for Appellant.

*H. H. Welsh*, for Respondent.

BRITT, C.—Plaintiff, a Chinese, early in August, 1893, delivered a quantity of pears to defendant, a corporation, to be sold upon commission; he alleged in his complaint that defendant, as part of its contract with him, guaranteed to him a net return of fifteen dollars per ton for the pears; that he delivered 134,190 pounds of the fruit to defendant, and was entitled to receive therefor at the rate guaranteed the sum of $1006.44; that defendant paid only the sum of $550, leaving a balance due of $456.44, for which he sues. Defendant denied the guaranty, and set up as a counterclaim that the sum paid by it to plaintiff was merely an advance on his fruit;

that the net proceeds of sale were less than that sum; that plaintiff is indebted to it for the excess advanced to him as well as for expense of packing the fruit, freights on same, etc., to the amount of $1257.53, for which it demanded judgment. An issue was also made on the quantity of fruit delivered by plaintiff. Plaintiff obtained a verdict and judgment for $389.33.

Defendant packed the pears in boxes, called forty-pound boxes, and shipped them by rail to the East for sale—six carloads in all, of four hundred and ninety-seven boxes each; several witnesses, who had been engaged more or less in the business of packing fruit, testified their opinion that the boxes, if well packed, held above forty pounds each. Appellant attacks this evidence at almost every conceivable point; but the chief objections seem to be that the issue did not admit of such proof, and that the witnesses were not shown to be sufficiently skilled to justify the reception of their opinions. The question was as to the number of tons within the alleged guaranty; the number of boxes was known, but there had been no actual weighing nor agreement that the fruit should be measured by the nominal capacity of the boxes; such capacity was, therefore, fairly a subject for estimation. (*Frey* v. *Lowden,* 70 Cal. 550; *Posachane etc. Co.* v. *Standart,* 97 Cal. 476.) It appears that defendant made no objection at the trial to the competency of the witnesses to estimate the weight of fruit in the boxes, and it cannot be urged for the first time on appeal. (*Brumley* v. *Flint,* 87 Cal. 471.) It is said that plaintiff did not prove the boxes to be "well packed"; this fact, however, was fully established by the testimony of witnesses produced by defendant.

Defendant sought in various ways to introduce evidence of its habits of business, that it was usual for growers to pay the expense of getting their fruit to its packing-house at Fresno, etc; but as the contract between the parties was express and did not rest in implication or presumption, and it was not shown that they

dealt with reference to such customs, the evidence was properly excluded. (*Burns* v. *Sennett*, 99 Cal. 371.)

One Davis testified for plaintiff; defendant endeavored to prove by another witness that Davis was a person of weak memory; the court rightly rejected the evidence; the memory of a witness not affected by mental derangement is not to be impeached by other witnesses in order to disparage his testimony; it must be done by cross-examination. (*Goodwyn* v. *Goodwyn*, 20 Ga. 600; *Bell* v. *Rinner*, 16 Ohio St. 45; 1 Wharton on Evidence, 567 *a.*)

The cashier of a certain bank was permitted to state that the books of the bank showed that on August 7, 1893, it cashed a check of one hundred and fifty dollars drawn by defendant in favor of plaintiff—he having no independent recollection on the subject, and defendant objecting to the evidence as hearsay, incompetent, and immaterial. The witness did not profess to have had at any time personal knowledge of the matters recorded in the books, and we think the court erred in admitting the evidence; but we also think the error could have worked no injury to defendant. There is no dispute that the check was drawn on or about August 4th, and delivered to plaintiff on or before August 7th, and we perceive no consequence in the exact time of payment.

It is argued that plaintiff should not recover because the evidence shows he had a partner who was interested with him in the demand sued upon, and who is not joined as a party to the action; conceding that such was the evidence, yet, as the objection was not raised by the pleadings, it was waived. (*Williams* v. *Southern Pac. R. R. Co.*, 110 Cal. 457.)

Defendant had rendered a statement of account to plaintiff showing a considerable balance due from him as the result of the shipment and sale of the pears; it requested an instruction based upon this as an account stated between the parties, qualified by the proposition that the jury should find that plaintiff made no objection to the correctness of the items in the

statement; the court refused. There was no evidence on which to found the instruction; the testimony for defendant shows that plaintiff did object to the account rendered on the ground that a sum certain had been guaranteed to him.

Certain instructions were asked by defendant, in order, we are informed by its brief, "to prevent the jury from being misled by statements of counsel for plaintiff in their closing argument"; they were refused by the court. The statements of counsel which may have made such instructions proper are not contained in the record, and it does not appear that for any other reason they were necessary; we therefore see no error in refusing them.

Some other points are made by appellant, but they need not be specially noticed; we have inquisitively examined them all, and find no legal ground for reversal; we recommend that the judgment and order appealed from be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

MCFARLAND, J., TEMPLE, J., HENSHAW, J.