[No. 15986. Department One.—December 17, 1895.]

C. B. WILLIAMS, RESPONDENT, *v.* SOUTHERN PACIFIC RAILROAD COMPANY, APPELLANT.

PARTNERSHIP—ACTION BY ONE PARTNER—NONJOINDER OF COPARTNERS—PLEADING—ANSWER—EVIDENCE—NONSUIT.—One member of a partnership may recover the whole amount due his firm, unless the defendant plead the nonjoinder of the other members of the firm as parties to the action; and, where there is no such plea in the answer, the plaintiff cannot be nonsuited merely because a partnership demand is proven, instead of a separate demand due to the plaintiff.

ID. — CONFLICTING INSTRUCTIONS — ABSENCE OF EXCEPTION — ERROR IN FAVOR OF APPELLANT.—Where the court gives conflicting instructions, and there is no exception to the instructions objected to as erroneous, and it appears that the only error in the conflicting instructions was in favor of the appellant, the conflict is no ground for reversal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. JOHN HUNT, Judge.

The facts are stated in the opinion.

*Maxwell, Dorsey & Soto,* for Appellant.

The action should have been brought by the partnership, and not by C. B. Williams, individually.    (Storges on Partnership, 6th ed., secs. 241, 244; Parsons on Partnership, 3d ed., *329, 330, note *q;* *334, 335, and cases in notes *j, k; Williams* v. *More,* 63 Cal. 50; *Shepard* v. *Ward,* 8 Wend. 542; *Stevens* v. *Lunt,* 19 Me. 70; *Creel* v. *Bell,* 2 J. J. Marsh. 309; *Wilson* v. *Wallace,* 8 Serg. & R. 53; *Gage* v. *Rollins,* 10 Met. 348, and cases there cited; 17 Am. & Eng. Ency. of Law, 1236–43, and notes; *Brainard* v. *Beitram,* 5 Abb. N. C. 103; *Cushing* v. *Marston,* 12 Cush. 431; *McCord* v. *Seale,* 56 Cal. 262; *Graves* v. *Boston etc. Ins. Co.,* 2 Cranch, 215; *Cotes* v. *Campbell,* 3 Cal. 191; *Morrison* v. *Bradley,* 5 Cal. 503; *Green* v. *Covillaud,* 10 Cal. 322; 70 Am. Dec. 725; *Weinreich* v. *Johnston,* 78 Cal. 254, 256, 257; *Shain* v. *Forbes,* 82 Cal. 577, 584; *Wise* v. *Williams,* 72 Cal. 544, 547; *Kirby* v. *Lake Shore etc. Ry. Co.,* 8 Fed. Rep. 462; *Webb* v. *Trescony,* 76 Cal. 621; *Daby* v. *Ericsson,* 45 N. Y. 786, 789, 790; Fitnam's Trial Procedure, 416.)

*J. C. Bates,* for Respondent.

Misjoinder or nonjoinder of parties must be objected to by demurrer or answer or the objection is waived. (Code Civ. Proc., secs. 430, 433, 434; *Wendt* v. *Ross,* 33 Cal. 650; *Calderwood* v. *Pyser,* 31 Cal. 333; *Gillam* v. *Sigman,* 29 Cal. 638; *Hastings* v. *Stark,* 36 Cal. 126; *Rutenberg* v. *Main,* 47 Cal. 221; *Tennant* v. *Pfister,* 51 Cal. 513; *Gruhn* v. *Stanley,* 92 Cal. 88; *Smith* v. *Dorn,* 96 Cal. 73; *Schwarze* v. *Mahoney,* 97 Cal. 133; *Foley* v. *Bullard,* 99 Cal. 516; *Baxter* v. *Hart,* 104 Cal. 344; *Bank of Havana* v. *Magee,* 20 N. Y. 362; *Hosley* v. *Black,* 28 N. Y. 444; *Merritt* v. *Walsh,* 32 N. Y. 685; *Patchin* v. *Peck,* 38 N. Y. 39; *Davis* v. *Bechstein,* 69 N. Y. 443; 25 Am. Rep. 218; *Sullivan* v. *New York etc. Co.,* 119 N. Y. 356; 1 Chitty on Pleading, 8th Am. ed., 11; *Dickinson* v. *Vanderpoel,* 2 Hun, 626.)

BRITT, C.—Action to recover compensation for certain paving and other street work which plaintiff alleged was done by him at defendant's request. The answer consisted of denials of the material averments of the complaint. The trial was before a jury, and the verdict and judgment were in plaintiff's favor for the amount of the alleged value of the work.

1. It was disclosed in the course of the evidence for plaintiff at the trial that the contract for the work was made orally between one Haley, the agent of defendant, and the plaintiff Williams—the latter acting, however, as was known to defendant, on behalf of a copartnership composed of Williams and two others, having no firm name, but carrying on business together and sharing its profits; the work in question was done by the firm at the joint expense. Thereupon defendant moved the court for judgment of nonsuit on the ground that plaintiff could not individually maintain the action upon a contract made with and performed by the partnership; which motion was denied.

There is no doubt that at common law all the members of a partnership, except dormant or merely nominal partners, must be joined as plaintiffs in an action of this character, and that before the code a motion for nonsuit made as in this instance would have been sustained. (*Cushing* v. *Marston*, 12 Cush. 431; Collyer on Partnership, secs. 649, 667; Story on Partnership, sec. 241; *Wilson* v. *Wallace*, 8 Serg. & R. 53.) In the case last cited, decided more than seventy years ago, the supreme court of Pennsylvania, while sustaining the precise objection made by defendant here, yet ventured this reflection: "Perhaps, weighing the conveniences and inconveniences, it would be more convenient that the parties should, after issue joined, proceed on the merits, than that the defendant should be allowed to nonsuit the plaintiff on a mere matter of form." There may be some room for debate whether the objection is matter of form only; but our legislation provides that of the parties to an action those who are united in inter-

est must be joined as plaintiffs or defendants (Code Civ. Proc., sec. 382); that the defendant may demur to a complaint for defect of parties plaintiff (section 430); that if the defect does not appear on the face of the complaint the objection may bo taken by answer (section 433); and that if objection on that ground be not taken by demurrer or answer, the defendant is deemed to have waived the same (section 434). These provisions are substantially the same as the statutes of New York pertaining to the same subject; and under them it seems to be settled there that in actions upon contract, as well as in tort, one partner may recover the whole amount due his firm unless the defendant plead the nonjoinder. Among the reasons assigned is that the interest of a single partner extends to the entire demand; that as payment to him would discharge defendant's liability to the firm, a recovery of the whole in the action by him has the like effect. (*Zabriskie* v. *Smith,* 13 N. Y. 322; 64 Am. Dec. 561; *Patchin* v. *Peck,* 38 N. Y. 39; *Dickinson* v. *Vanderpoel,* 2 Hun, 626. See, also, *Sullivan* v. *New York etc. Co.,* 119 N. Y. 348; *Chapin* v. *Clemitson,* 1 Barb. 311.) In the view of the Minnesota court, the change in this behalf introduced by the code accords with the suggestion above quoted from *Wilson* v. *Wallace, supra,* and it held that the ground here taken by appellant is untenable unless the objection is specially pleaded. (*Davis* v. *Chouteau,* 32 Minn. 548.) To similar effect is *Dunn* v. *Hannibal etc. R. R. Co.,* 68 Mo. 268. And in England, since the judicature acts of 1873–75, and the orders promulgated under them, the failure to join all the partners as plaintiffs is no longer fatal to an action. " If all the members of a firm sue when one only ought to do so, or one only sues when all ought to do so, and the defendant can show that he is thereby prejudiced, he can apply to have the improper parties struck out, or the proper parties joined, as the case may be." (Lindley on Partnership, 278.)

The question being not wholly clear on the cases in this state, it has seemed proper to refer thus briefly to

the practice prevailing in other jurisdictions.   In *Andrews* v. *Mokelumne Hill Co.*, 7 Cal. 330, the plaintiff sued for his proportion of a joint debt, alleging that the residue had been paid to his co-contractor; the defendant pleaded in its answer that the debt sued on was due, if at all, to plaintiff and such other as partners, and denied the right of plaintiff to recover any portion thereof as his separate demand.   The court held on a rehearing —affirming the judgment for plaintiff—that the objection, if any, appeared on the face of the plaintiff's complaint, and that by failing to demur the defendant had waived the point.   There are, however, some later cases from which may be argued, as appellant has done, with considerable plausibility that proof of a partnership claim only, under the issues here, presents an instance of failure of proof.   (*McCord* v. *Seale*, 56 Cal. 262; *Weinreich* v. *Johnston*, 78 Cal. 254; *Webb* v. *Trescony*, 76 Cal. 621.   See, also, *Baxter* v. *Hart*, 104 Cal. 344.)

But the question now raised was not involved in any of these cases; and, on the other hand, it has been often decided that defect of parties having a joint interest with plaintiff in the contract, or other subject of the action, must be pleaded (*Trenor* v. *Central Pac. R. R. Co.*, 50 Cal. 222; *Wendt* v. *Ross*, 33 Cal. 650; *Dunn* v. *Tozer*, 10 Cal. 167); thus, in *Foley* v. *Bullard*, 99 Cal. 516, a judgment in favor of plaintiff enforcing the lien of a street assessment, he being one of two owners of the demand in suit, was sustained; the court saying that if the defendants would rely upon the defect of parties plaintiff the objection should have been presented in their answer.   In *Rutenberg* v. *Main*, 47 Cal. 221, the court said that the statutory provision requiring an objection for misjoinder of defendants to be pleaded, " to the extent necessary to give it effect controls the principle that the proofs and allegations must correspond."

The object of the statute is to bring the parties to speedy issue and trial on the merits; and we are of opinion, following the incontestable trend of authority, that the absence as parties of some of the partners from a com-

plaint by one or more of them on a partnership demand does not, speaking strictly, affect the merits, and in order to be considered must be pleaded by the defendant. The motion for nonsuit was therefore properly denied.

2. At the close of the evidence the court instructed the jury, on the request of the defendant, that if they found that plaintiff made the alleged contract on behalf of his firm, and that the firm did the work at the expense of the partnership pursuant to such contract, and none other, they should find for defendant. The court then, of its own motion, gave the jury other instructions which, defendant contends, were contradictory of that above stated and nullified its effect; we agree with this contention, but defendant took no objection or exception to such additional instructions, and must be deemed to have consented to the presentation of the case to the jury in this manner. ( *Wilkinson* v. *Parrott*, 32 Cal. 102.) Moreover, the first instruction, being upon a point not in issue, was erroneous; and, being in favor of appellant, the conflict with other instructions is no ground for reversal. (*Dennison* v. *Chapman*, 105 Cal. 448.)

The judgment and order should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.