[S. F. No. 5007. In Bank.—August 25, 1910.]

IRA A. RUSS, Respondent, v. L. C. TUTTLE, Appellant.

OPTIONAL AGREEMENT FOR SALE—ACCEPTANCE BY PURCHASER—COMPLE-
TION OF CONTRACT.—An agreement to sell personal property at a
given price within a time limited, if unsupported by a considera-
tion, is not binding upon the seller. Until accepted by the purchaser
it is a mere offer which might be revoked by the seller at any time.

When, however, the purchaser accepts the offer and tenders payment, the contract becomes complete and both parties are bound by it.

ID.—AGREEMENT TO SELL TO EITHER OF TWO PERSONS—REFUSAL OF ONE TO PURCHASE.—Under an agreement to sell to either of two persons, a sale to either would relieve the seller of any obligation to transfer to the other; but the seller is not relieved from the obligation to sell to one of them, merely because the other should decline to make the purchase.

ID.—ACTION FOR BREACH OF AGREEMENT—TENDER TO ALLEGED PRINCIPAL—NONSUIT.—In an action for the breach of a seller's agreement to deliver personal property, a motion for a nonsuit, on the ground that the evidence showed that the plaintiff had taken the option to purchase as agent only, and that performance had been tendered to his principal, is properly denied, when there was evidence, admitted prior to the motion, to the effect that the plaintiff, when he took the option, was acting, at least in part, for himself.

ID.—BREACH BY SELLER—MEASURE OF DAMAGES—INSTRUCTION—ASSIGNMENT BY PURCHASER.—In an action to recover for the breach of a seller's agreement to deliver personal property, the price of which had not been fully paid in advance, it is proper to instruct the jury, in accordance with section 3308 of the Civil Code, that the measure of damages, in case they should find for the plaintiff, would be the amount of the excess, if any, of the value of the property agreed to be sold, over the amount called for by the contract, if the contract had been fulfilled. The fact that the plaintiff, after the optional agreement to sell had been accepted by him, had assigned the whole or part of it to another person, does not affect the applicability of the instruction.

ID.—DEFECT OF PARTIES PLAINTIFF—OBJECTION NOT RAISED BY ANSWER —WAIVER.—If the plaintiff, the original purchaser mentioned in the contract for sale, had assigned the contract in whole or in part, and that fact did not appear on the face of the complaint, the objection that the assignee should have brought the action in his own name, or have been joined as a party plaintiff, should have been raised by answer, otherwise it was waived by the defendant.

ID.—PART OWNER OF CLAIM MAY SUE FOR ENTIRE AMOUNT.—In the absence of a plea of necessary parties plaintiff, one of several parties jointly interested in a claim may recover the whole amount due.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order refusing a new trial. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

Mahan & Mahan, and George D. Murray, for Appellant.

L. F. Puter, and Denver Sevier, for Respondent.

SLOSS, J.—This is an action to recover damages for the refusal of the defendant to perform an alleged agreement to sell and deliver to plaintiff certain shares of corporate stock. There was a trial by jury and a verdict and judgment for plaintiff for the amount demanded. The defendant appeals from the judgment and from an order denying his motion for a new trial.

The complaint alleges a written agreement by the defendant to sell the stock to plaintiff at any time within thirty days from August 2, 1906, at the price named in the writing; that on August 18, 1906, the plaintiff ratified and accepted the agreement, and tendered to the defendant the purchase price of said stock and demanded delivery of the same; that defendant failed and refused and still refuses to deliver to the plaintiff the stock or any part thereof, and that he thereafter sold and delivered said stock to other parties. It is further alleged that the plaintiff is wholly unable to purchase other shares of the capital stock of either of said corporations, and that by reason of the premises he has been damaged in the sum of two thousand, six hundred and forty-five dollars.

The complaint is not verified. The answer consisted of a general denial of all of its allegations and of various separate defenses.

The first defense was that within thirty days from August 2d the defendant had offered the stock in question to Z. Russ. & Sons' Company and that said Z. Russ & Sons' Company had refused to accept the same. The second defense was that the defendant had been induced to execute the writing by reason of fraudulent representations made to him by the plaintiff. The third defense was that there was no consideration for the writing.

Each of the defenses set forth in *hæc verba* the terms of the contract, which reads as follows:

"Eureka, Cal., August 2nd, 1906.

"For and in consideration of the sum of one dollar receipt whereof is hereby acknowledged, I hereby agree to sell and deliver to Ira A. Russ or Z. Russ & Sons' Company within thirty days from date one hundred ninety (190) shares of the capital stock of the Home Savings Bank at seventy-six

50-100 ($76.50) dollars per share, and three hundred thirty shares of the capital stock of the Humboldt County Bank at one hundred and fifty-four ($154) dollars per share. Said payments to be made in cash upon delivery of said shares of stock within said thirty days.        L. C. Tuttle."

The first and third separate defenses did not allege matter constituting any real ground of answer to plaintiff's demand. So far as the want of consideration is concerned, it may be conceded that the agreement of defendant to sell his stock at a given price at any time within thirty days was not, if unsupported by a consideration, binding upon him. Until accepted by the plaintiff, it was a mere offer which might be revoked by the defendant at any time. When, however, the plaintiff accepted the offer and tendered payment, the contract became complete and both parties were bound by it. (*Keller* v. *Ybarru,* 3 Cal. 147.)

The agreement or offer was to sell the stock either to the plaintiff or to Z. Russ & Sons' Company. No doubt a sale to either of these parties would have relieved the defendant of any obligation to transfer to the other, but we do not construe the contract as relieving the defendant from the obligation to sell to one of the parties if the other should decline to make the purchase. The court below instructed the jury in accordance with these views, and we are satisfied that it acted correctly in so ruling.

The second special defense, i. e., that of fraud, was the subject of considerable testimony. The issue so raised was submitted to the jury under proper instructions, and the verdict in favor of the plaintiff imports a finding against the allegations of the answer. The testimony was in conflict on this point and we cannot interfere with the finding reached under such conflict.

A motion for nonsuit was based on the ground that the testimony showed that plaintiff had taken the option as agent only, and that performance had been tendered to his principal. It is enough to say, in answer to the point that the court erred in denying this motion, that there was evidence, admitted prior to the motion for nonsuit, to the effect that plaintiff had stated to Tuttle that he was taking the option, at least in part, for himself.

The court gave an instruction defining the measure of

damages in the words of section 3308 of the Civil Code, and directed the jury that if they should come to the conclusion that the plaintiff should recover in this action the verdict should be for the amount of the "excess, if any, of the value of the stock described in the agreement to the plaintiff, over the amount called for by the contract, if the contract had been fulfilled." These instructions are complained of by the appellant. The action being one for the breach of a seller's agreement to deliver personal property, the price of which had not been fully paid in advance, it would seem to have been entirely proper to charge the jury that the detriment to the plaintiff was to be determined according to the rule laid down by the code for cases of this character. It is urged, however, that the jury might have found the damage to be less, because of the fact that there was testimony tending to show that the plaintiff, after taking the option, had assigned the whole or a part of it to one Buhne. Neither of these circumstances would affect the applicability of the code section. The damage occasioned by the breach of the contract was defined by the statute. That damage was recoverable by the party or parties maintaining the action. Whether the plaintiff after recovery would be bound to account to Buhne for a part or all of the amount received by him was a question between him and Buhne. The defendant was in no way concerned in it. In fact, the point urged does not at all bear on the measure of damages, but goes rather to the question whether the plaintiff was the real or the sole party in interest, and as such authorized to bring the action in his own name. (*Grain* v. *Aldrich,* 38 Cal. 514, [99 Am. Dec. 423].) If he had assigned the contract to Buhne it might be claimed that the latter was the proper party plaintiff (Code Civ. Proc., sec. 367), or, if there had been an assignment of a part interest, that the plaintiff and Buhne should have sued jointly. These objections, however, could not be made by the defendant in the absence of some foundation for them in the pleadings. Where the complaint shows upon its face that the plaintiff has not legal capacity to sue, or that there is a defect of parties plaintiff, the defendant may demur (Code Civ. Proc., sec. 430), or, if the ground does not appear upon the face of the complaint, the objection may be taken by answer (Code Civ. Proc., sec. 433). But if the objection

is not taken either by demurrer or answer, the defendant is deemed to have waived it. (Code Civ. Proc., sec. 434). In the absence of a plea of defect of necessary parties plaintiff, one of several parties jointly interested in a claim may recover the whole amount due. (*Wendt* v. *Ross*, 33 Cal. 650; *Trenor* v. *Central Pac. R. R. Co.*, 50 Cal. 222; *Williams* v. *Southern Pac. R. R. Co.*, 110 Cal. 457, [42 Pac. 974] ; *Ah Tong* v. *Earle Fruit Co.*, 112 Cal. 679, [45 Pac. 7].)

Furthermore, it may be doubted whether the defense that the plaintiff was not the real party in interest would have been available to the defendant even if properly pleaded. In *Giselman* v. *Starr*, 106 Cal. 651, [40 Pac. 8], it is held that "where the plaintiff shows such a title as that a judgment upon it satisfied by defendant will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner, then there is an end of the defendant's concern and with it of his right to object." (See, also, *Price* v. *Dunlap*, 5 Cal. 483; *Gushee* v. *Leavitt*, 5 Cal. 160, [63 Am. Dec. 116] ; *Meyer* v. *Foster*, 147 Cal. 166, [81 Pac. 402].) The plaintiff here was the apparent owner of the contract which had been made with him. The defendant could not be bound by any assignment which had not been brought to his notice, and there is nothing to show that he had any knowledge of the alleged assignment prior to the trial. A judgment in favor of plaintiff will, therefore, protect the defendant against any claim by Buhne. So far as such defendant is concerned, the question of who is the real party in interest as between Russ and Buhne is immaterial.

But whatever view might be taken of the propriety of Buhne bringing the action, either as sole plaintiff or as co-plaintiff with Russ, it seems plain that, as we have stated, the question is not one that affects the measure of damages. It appearing that the action is one of the kind referred to in section 3308 of the Civil Code, the rule declared in that section for ascertaining the detriment occasioned by a breach must be applied.

Complaint is made of the refusal of the court to give an instruction defining the consent necessary to a contract. But the material part of the proposed instruction was embodied in a direction given by the court of its own motion.

We find no material error in the record.

The judgment and order appealed from are affirmed.

Angellotti, J., Lorigan, J., and Melvin, J., concurred.