[Civ. No. 5698. First Appellate District, Division One.—December 5, 1927.]

CHAN YO CHOW et al., Respondents, v. LIM SING, Appellant.

Jesse A. Mueller for Appellant.

Robert L. Levy for Respondents.

KNIGHT, J.—Plaintiffs brought this action to recover the purchase price of goods sold and delivered. The complaint contained two counts, one declaring on an open account and the other on an account stated. The allegations were in the usual form, it being alleged among other things that plaintiffs were copartners and that they had duly filed and published a certificate of copartnership to do business under the fictitious name of Quong Lee & Company. Judgment was rendered in plaintiffs' favor and the defendant appeals.

During the trial defendant admitted the sale and delivery of the goods to him, but claimed there, as here, that plaintiffs were not the vendors, and that since they had neither alleged nor proved an assignment to them of the indebtedness sued upon they were not entitled to a judgment based thereon.

The facts are as follows: For several years preceding the commencement of the action a number of Chinese conducted a copartnership business under the fictitious name of Quong Lee & Company, the personnel of the partners having changed from time to time. Defendant purchased the goods in question from said copartnership during the years 1922 and 1923, at which time it consisted of forty members. In 1925, and prior to the commencement of this action, thirty-two members thereof retired, but the business continued to be operated under the partnership name by the remaining eight partners and two others who are joined with said eight remaining members as plaintiffs herein. The evidence does not show, however, when the two new partners entered the firm, nor whether they acquired their interests by purchase from retiring members or bought in after the retirement of the latter.

In view of the foregoing facts defendant makes the legal contention that the retirement from the firm of the thirty-two members in 1925 operated as a dissolution of the then existing copartnership, and the establishment of a new one consisting of those remaining, and that therefore, in the absence of an assignment of the account to those continuing in the operation of the business, the original forty members alone were entitled to maintain an action thereon. However, defendant did not plead a defect of parties plaintiff

either by demurrer or answer, his demurrer being based upon the grounds of insufficiency of facts and that the allegations relating to the contents of the partnership certificate were uncertain and unintelligible, and his answer consisting merely of denials of the material averments of the complaint. We are therefore of the opinion that under the rule established by numerous decisions he is deemed to have waived the point now urged by him.

As said in *Williams* v. *Southern Pacific R. R. Co.*, 110 Cal. 457 [42 Pac. 974]: "Our legislation provides that of the parties to an action those who are united in interest must be joined as plaintiffs or defendants (Code Civ. Proc., sec. 382); that the defendant may demur to a complaint for defect of parties plaintiff (sec. 430); that if the defect does not appear on the face of the complaint the objection may be taken by answer (sec. 433); and that if objection of that ground be not taken by demurrer or answer, the defendant is deemed to have waived the same (sec. 434)''; and, after reviewing a number of cases from this jurisdiction and others, the court concludes: "We are of the opinion, following the incontestable trend of authority, that the absence as parties of some of the partners from a complaint by one or more of them on a partnership demand does not, strictly speaking, affect the merits, and in order to be considered must be pleaded by the defendant.'' The foregoing rule was later approved and followed in the case of *Ah Tong* v. *Earle Fruit Co.*, 112 Cal. 679 [45 Pac. 7], which is closely analogous in principle to the present case. There the language of the court was as follows: "It is argued that plaintiff should not recover because the evidence shows he had a partner who was interested with him in the demand sued upon, and who is not joined as a party to the action; conceding that such was the evidence, yet, as the objection was not raised by the pleadings, it was waived (*Williams* v. *Southern Pacific R. R. Co.*, 110 Cal. 457 [42 Pac. 974]).'' The case of *Russ* v. *Tuttle*, 158 Cal. 226 [110 Pac. 813], adheres to the same doctrine, holding as follows: "Where the complaint shows upon its face that the plaintiff has not legal capacity to sue, or that there is a defect of parties plaintiff, the defendant may demur (Code Civ. Proc., sec. 430), or, if the ground does not appear upon the face of the complaint, the objection may be taken by answer

(Code Civ. Proc., sec. 433). But if the objection is not taken either by demurrer or answer, the defendant is deemed to have waived it (Code Civ. Proc., sec. 434). In the absence of a plea of defect of necessary parties plaintiff, one of several parties jointly interested in a claim may recover the whole amount due," citing *Wendt* v. *Ross*, 33 Cal. 650; *Trenor* v. *Central Pac. R. R. Co.*, 50 Cal. 222; *Williams* v. *Southern Pac. R. R. Co., supra; Ah Tong* v. *Earle Fruit Co., supra.* To the same effect are *Ahlers* v. *Smiley*, 163 Cal. 200 [124 Pac. 827], and *Baker & Hamilton* v. *Lambert*, 5 Cal. App. 708 [91 Pac. 340].

From the authorities cited we conclude that irrespective of the merits of the legal question presented as to whether or not the retirement of the thirty-two members in 1925 had the effect of dissolving the copartnership of forty members, and even assuming, as defendant contends, that it did have such effect, and that consequently, in the absence of an assignment of the debt, the present action should properly have been commenced jointly in the names of the original forty members, the judgment rendered herein is not erroneous because, as said in *Russ* v. *Tuttle, supra,* in the absence of a plea of defect of necessary parties plaintiff, any number of the parties jointly interested in the claim may recover the whole amount due. The cases of *Weinrich* v. *Johnston*, 78 Cal. 255 [20 Pac. 556], and *McCord* v. *Seale*, 56 Cal. 262, upon which defendant relies, are not controlling here, for as said in *Ahlers* v. *Smiley, supra:* "Those cases merely hold that a variance arises when persons are described as individuals in the caption and as partners in the body of a pleading and that proof of partnership liability or credit will not sustain a personal judgment or *vice versa.* It is to be noticed that the doctrine announced in these cases has been somewhat modified in the later cases of *Williams* v. *Southern Pacific R. R. Co.*, 110 Cal. 461 [42 Pac. 974], and *Grangers' Union* v. *Ashe*, 12 Cal. App. 757 [108 Pac. 533]."

█ Defendant further contends that because the action was not brought jointly by the original forty copartners from whom he purchased the goods, he was unable to obtain the benefit of a counterclaim for commissions due him from them, amounting to a sum greater than that sued for. But defendant did not plead the counterclaim, and consequently

afforded the trial court no opportunity to rule upon the question of whether or not, in view of the defect in parties plaintiff, the same would have constituted a valid counterclaim to the demand upon which these plaintiffs were suing. We are therefore of the opinion that the assumption of an adverse ruling does not entitle the defendant to claim error. Furthermore, and in any event, the right of a plaintiff to maintain an action against a defendant is not affected by nor dependent upon the right of the defendant to assert a counterclaim. The cause of action of each is separate and distinct from the other, and the plaintiff's cause of action is not subject to defeat merely because as against it the defendant's counterclaim is not maintainable.

For the reasons given we believe the judgment should be affirmed, and it is so ordered.

Tyler, P. J., and Cashin, J., concurred.